# EXHIBIT 2

**IN THE DISTRICT COURT OF PAYNE COUNTY
STATE OF OKLAHOMA**

IN THE DISTRICT COURT OF Payne County, Oklahoma Filed NOV 06 2017 LORI ALLEN, Court Clerk By: Deputy

| | |
|---|---|
| SEAN SMITH and CRYSTAL SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>CSAA FIRE AND CASUALTY INSURANCE COMPANY and LISA HOLLIDAY,<br><br>Defendants. | Case No: CJ-2017-501<br><br>**JURY TRIAL DEMANDED** |

## PETITION

1. At all times material hereto Plaintiffs, Sean and Crystal Smith were insured under a CSAA Fire and Casualty Insurance Company, ("CSAA") Policy No. HO3-003036315.

2. The subject insured home was damaged by a covered cause, an earthquake, while insured by CSAA.

3. Plaintiffs submitted a claim for this loss to Defendant CSAA on or about November 7, 2015, made the premises available for inspection by Defendant's adjusters, cooperated in the limited investigation that CSAA performed and otherwise complied with all conditions precedent to recovery under the subject insurance policy.

4. CSAA assured Plaintiffs that it would hire an engineer for the Plaintiffs to address the structural damage to their home and to assist them with a professional opinion. Plaintiffs had expressed concern that their home was unsafe to live in.

5. Lisa Holliday, an engineer, was hired by CSAA to inspect and render an opinion on the earthquake damage. Holliday knew the insurance company would use or rely on this report to make decisions on Plaintiffs' claim and that Plaintiffs could be damaged as a result of an improper or inadequate investigation or evaluation.

Defendant Holliday had a predetermined position that earthquakes in Oklahoma were not causing structural damage to homes. She knew her report would attribute damage to non-covered causes of loss. Despite her position in that regard, CSAA and Holliday presented that Holliday was an independent professional that would provide an objective opinion for the Plaintiffs and never said anything about their predetermined position or previous relationship.

6.  Holliday told the Plaintiffs she would inspect their home and make a structural determination for them. Defendant, Holliday, owed a duty of care to the Plaintiffs and failed to exercise the ordinary care that should have been exercised under the circumstances and negligently failed to inspect and address the Plaintiffs' home causing damage to the Plaintiffs.

7.  Defendant Holliday negligently performed the inspection, investigation and evaluations which caused damages to Plaintiffs and CSAA used Holliday's alleged opinion to deny Plaintiffs' claim. Holliday failed to examine structural components of the home that suffered severe damage. Holliday did not access the crawlspace of the home to investigate the Plaintiffs' collapsed living room floor. Nor did Holliday inspect the roofing structure or attic of the home.

8.  CSAA breached the subject insurance policy by wrongfully denying coverage and failing and refusing to pay the proper amounts due under the policy for the covered damage to Plaintiffs' home.

9.  CSAA breached the implied covenant of good faith and fair dealing in the insurance contract, as a matter of standard business practice, in the following respects:

    a.    failing and refusing payment and other policy benefits on behalf of Plaintiffs at a time when CSAA knew that it was entitled to those benefits;

b. failing to properly investigate Plaintiffs' claims and to obtain additional information both in connection with the original refusal and following the receipt of additional information;

c. withholding payment of the benefits on behalf of Plaintiffs knowing that Plaintiffs' claims for those benefits were valid;

d. refusing to honor Plaintiffs' claims in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

e. refusing to honor Plaintiffs' claims in some instances by applying restrictions not contained in the policy;

f. refusing to honor Plaintiffs' claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

g. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiffs' claims;

h. not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiffs' claims once liability had become reasonably clear;

i. forcing Plaintiffs, pursuant to its standard claims practice, to retain counsel in order to secure benefits CSAA knew were payable;

j. failing to properly evaluate any investigation that was performed;

k. refusing to consider the reasonable expectations of the insured;

l. ignoring covered damage which CSAA knows occurred while it insured Plaintiffs' property;

m. refusing to consider evidence of insured home's pre-loss condition in determining cause of loss, and denying this claim;

n. refusing to take into consideration homes damaged by the same earthquake in the vicinity;

o. ignoring Oklahoma Insurance Department directives on the handling of earthquake claims;

p. using the services of a purported expert who, upon information and belief, finds in a disproportionate number of claims for the insurance company in accord with their pre-determined position on earthquakes; and,

q. refusing to provide insured with their engineering report;

3

all in violation of the implied covenant of good faith and fair dealing and resulting in financial benefit to CSAA.

10. As a direct result of the above described wrongful acts and omissions, Plaintiffs have suffered loss of policy benefits and other financial and consequential damages.

11. CSAA's recklessly disregarded and/or intentionally and with malice breached its duty to deal fairly and act in good faith entitling Plaintiff to recover punitive damages.

WHEREFORE, Plaintiffs, Sean and Crystal Smith, demand judgment against Defendants, CSAA Fire and Casualty Insurance Company and Lisa Holliday, in an amount in excess of $75,000.00 for compensatory damages and against Defendant CSAA Fire and Casualty Insurance Company in an amount in excess of $75,000.00 for punitive damages plus interest, costs, attorney fees and all other relief which the Court deems just and equitable.

MANSELL ENGEL & COLE

By: /s/ Steven S. Mansell

Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
Kenneth G. Cole, OBA #11792
M. Adam Engel, OBA #32384
101 Park Avenue, Suite 665
Oklahoma City, OK 73102-7201
T: (405) 232-4100 ** F: (405) 232-4140
Firm E-mail: mec@meclaw.net

**ATTORNEYS FOR PLAINTIFFS**