# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SEAN SMITH and CRYSTAL SMITH, ) <br> ) <br> PlaintiffS, ) <br> ) <br> vs. ) <br> ) <br> CSAA FIRE AND CASUALTY, ) <br> INSURANCE COMPANY, ) <br> ) <br> Defendant. ) | Case No. CIV-17-1302-D |

## ORDER

Before the Court is Defendant's Motion to Strike Plaintiffs' Rebuttal Expert Witness List [Doc. No. 33]. Plaintiffs have filed their Response [Doc. No. 38]. The matter is fully briefed and at issue.

## BACKGROUND

This case arises from an insurance claim for damages to Plaintiffs' home. Plaintiffs allege the damage was caused by an earthquake on November 7, 2016. Defendant denied their insurance claim on the basis that the damage was instead caused by settling or poor construction and soil changes. Plaintiffs brought this action alleging breach of contract and bad faith.

On February 1, 2018, the Court entered a Scheduling Order [Doc. No. 16] in this case. The deadline for Plaintiffs to file their final list of expert witnesses in chief and

disclose expert reports to Defendant was August 9, 2018. Plaintiffs did not file a final list of expert witnesses pursuant to the Scheduling Order [Doc. No. 16].[1]

Defendant filed its Final List of Expert Witnesses [Doc. No. 27] and provided Plaintiffs' counsel with its' expert reports on August 23, 2018. Plaintiffs filed a Rebuttal Expert Witness List [Doc. No. 30] on September 21, 2018.

Defendant filed its Motion to Strike on September 27, 2018, arguing that: (1) Plaintiffs' disclosure is untimely as it was not included in their Final Witness and Exhibit List; (2) the expert is not a proper rebuttal witness; and, (3) allowing the witness will cause them unfair prejudice. Motion at 2, 3.

## STANDARD

The disclosure of expert witnesses is controlled by Fed. R. Civ. P. 26(a)(2). Parties must disclose the identity of experts and any report prepared by expert witnesses in accordance with any scheduling order issued by the court. Fed. R. Civ. P. 26(a)(2)(C). A scheduling order need not specifically address rebuttal witness lists, as the rule provides that in the absence of any stipulation or court order, such disclosures are to be made within thirty (30) days after the other party's disclosure as long as: "the evidence is intended solely

---

[1] On August 23, 2018, Plaintiffs filed an Unopposed Motion to Extend all Remaining Deadlines [Doc. No. 28] by ninety (90) days. The Court granted Plaintiffs' Motion to Extend on August 27, 2018. Order [Doc. No. 29]. The Court's Order extended all deadlines including the deadline for Plaintiffs to file their final list of expert witnesses in chief. However, on September 25, 2018, Defendant filed a Motion for Order Nunc Pro Tunc [Doc. No. 32] to correct the Court's Order [Doc. No. 29] to reflect that Plaintiffs' deadline to file their final expert witness list and serve expert reports should remain August 9, 2018. The Court granted the Defendant's motion on September 28, 2018. Order [Doc. No. 34].

to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." Fed. R. Civ. P. 26(a)(2)(D)(ii). In the event a party fails to comply with the requirements of Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quoting *Mid–America Tablewares, Inc. v. Mogi Trading Co.,* 100 F.3d 1353, 1363 (7th Cir.1996)). The Court "need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Id*. However, "the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id*. (citing *Newman v. GHS Osteopathic Inc.,* 60 F.3d 153 (3d Cir.1995) (quoting *Bronk v. Ineichen,* 54 F.3d 425, 428 (7th Cir.1995)).

**ANALYSIS**

**I.     Timeliness**

Plaintiffs argue that their Rebuttal Expert Witness List was timely filed and the expert's report timely provided to Defendant. Defendant filed its Final Expert Witness List on August 23, 2018, disclosing, among others, David Battle as an expert as to "cost of

repair." Plaintiffs filed their Rebuttal Expert Witness List disclosing Sean Wiley's name and the subject of his testimony on September 21, 2018. Plaintiffs likewise provided his report to Defendant on the same day. Plaintiffs summarize Mr. Wiley's testimony as follows:

> Mr. Wiley has been retained as a professional construction and restoration expert to testify regarding the expert report of David Battle on cost of repairs to Plaintiffs' home.

Plaintiffs' Rebuttal Expert Witness List at 1.

Defendant argues that the Scheduling Order required Plaintiffs to disclose their witnesses in a Final Expert Witness List and serve expert reports by August 9, 2018, and, therefore, their disclosure of Mr. Wiley as an expert witness is untimely. Motion, 1-2. Defendant ignores the provision of Fed. R. Civ. P. 26(a)(2)(D)(ii) providing for the disclosure of rebuttal expert witnesses in the absence of a specific stipulation or court order addressing such disclosure. Because Mr. Wiley is offered solely as a rebuttal expert witness, Plaintiffs' disclosure is within the applicable thirty-day time limit in Fed. R. Civ. P. 26(a)(2)(D)(ii).

## II. Proper Rebuttal Witness

Defendant asserts that Mr. Wiley is not a proper rebuttal witness because he is offered to present evidence as to Plaintiffs' case-in-chief. Even if the Court agreed with Defendant that Mr. Wiley intends to present evidence relating to Plaintiffs' case-in-chief, the Tenth Circuit has found that courts have broad discretion in determining whether to exclude rebuttal witness testimony. *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1224 (10th

4

Cir. 2000). In *Koch*, the Tenth Circuit further stated that "[w]here the evidence rebuts new evidence or theories proffered in the defendant's case-in-chief, that the evidence may have been offered in the plaintiff's case-in-chief does not preclude its admission in rebuttal.". *Koch*, 203 F.3d at 1224 (quoting *Bell v. AT & T,* 946 F.2d 1507, 1512 (10th Cir.1991)). Mr. Battle's expert report as to calculation of the cost to repair damages is evidence newly disclosed to Plaintiffs. The fact that Plaintiffs could present their own damages evidence in their case-in-chief does not necessarily preclude them from presenting an expert to rebut Defendant's expert on damages.

Plaintiffs assert that Defendant only recently conceded that any of the damage to their home was caused by an earthquake. Response at 2. Plaintiffs contend that prior to Defendant's disclosure of David Battle and his report, they could not know of the need for an expert to rebut Defendant's estimates of earthquake damage. Plaintiffs also assert that "the many deficiencies contained [in Mr. Battle's expert report] could not be addressed prior to its receipt." Response at 5. Upon review of Plaintiffs' exhibits, the Court finds that Mr. Wiley did not inspect the Plaintiffs' home and prepare his report until after Defendant filed their Final List of Expert Witnesses and disclosed Mr. Battle's report. Response, Exhibit 2 [Doc. No. 38-2] at 2. It is also clear that Mr. Wiley's report specifically offers a rebuttal opinion to Mr. Battle's report as to the actual damages suffered by Plaintiffs. Response, Exhibit 2 at 2. *See RMD, LLC v. Nitto Americas, Inc.*, 09-2056-JAR-DJW, 2012 WL 5398345, at *11 (D. Kan. Nov. 5, 2012) (Finding that rebuttal expert witnesses were not proper because they challenged only the methodology of the

5

determination of damages rather than offering an opposing opinion to the actual damages amount.). Therefore, Plaintiffs' rebuttal expert witness satisfies the definition of rebuttal witness, i.e., "to contradict or rebut evidence on the same subject matter identified by another party under Rule 26 (a)(2)(B) or (C)." Fed. R. Civ. P. 26(a)(2)(D)(ii).

## III. Harmlessness

Finally, even if Mr. Wiley's disclosure were untimely as argued by Defendant, the Court finds that it would be harmless. The case was originally set for the December 2018 trial docket but was stricken from that docket when all of the deadlines were extended by ninety (90) days. At the time the Motion to Strike was filed this action had not been set on a new trial docket, nor has it been so set as of the date of this Order. The discovery deadline is not until January 8, 2019. Order [Doc. No. 29] at 2. The Court finds that Defendant has more than enough time to prepare for Plaintiffs' use of Mr. Wiley's report at trial. *See Ponca Tribe of Indians of Oklahoma v. Cont'l Carbon Co.*, CIV-05-445-C, 2008 WL 5111155, at *2 (W.D. Okla. Dec. 2, 2008) (finding that two months was sufficient to prepare for use of a rebuttal expert witness report at trial). Defendant is not prejudiced by allowing the witness, the testimony will not disrupt the trial as it has not yet been set, Defendant has sufficient time to prepare, and there is no evidence of bad faith or willfulness on the part of Plaintiffs.

## CONCLUSION

Defendant CSAA Fire and Casualty Insurance Company's Motion to Strike [Doc. No. 33] is **DENIED** for the reasons set forth herein.

**IT IS SO ORDERED** this 9th day of November, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE