# EXHIBIT 10

# Cindi L Miles

9101 W College Ave.
Guthrie, OK 73044
405-613-7728
Email: rollingm.cm@gmail.com



August 21, 2018

**Mr. Gerald Pignato**
Pignato, Cooper, Kolker, & Roberson
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102

**Re: Sean SMITH AND CRYSTAL SMITH, PLAINTIFFS VS. CSAA FIRE AND CASUALTY INSURANCE COMPANY AND LISA HOLLIDAY, DEFENDANTS**
United States District Court, Western District of Oklahoma

CASE NO: 17-1302-D

Dear Mr. Gerald Pignato,

This report details to date the pertinent observations, opinions and conclusions based on my review of the documentation provided to me and reviewed by me. It is my understanding that depositions are currently pending and once reviewed I reserve the right to make any changes based on all additional information provided to me. A complete list of the documents reviewed at this time has been added to this report. Therefore, I reserve the right to supplement this report if future items reviewed alter my opinions or conclusions.

In forming my opinions and conclusions I am relying on my 29+ years experience in insurance claims handling as well as the formal and informal training received during that entire time.

## DOCUMENTS REVIEWED

- <u>Petition:</u> Sean SMITH AND CRYSTAL SMITH, PLAINTIFFS VS. CSAA FIRE AND CASUALTY INSURANCE COMPANY AND LISA HOLLIDAY, DEFENDANTS, CASE NO. CJ-2017-501
- <u>Claim File:</u> Policy: HO33036315, Insured: Sean Smith, Claim No.: 1002-25-9499
- <u>The Homeowners Policy Declarations:</u> Named insured: Sean Smith and Crystal Smith. Policy Period: 2/17/16 to 2/17/17, Policy #HO3-003036315
- <u>The Structural Evaluation by Lisa Holliday, for Rimkus Engineering:</u> Claim No: 1002259499. RCG File No: 22804649
- <u>A Certified copy of the Insured Homeowners policy and Earthquake Endorsement</u>
- <u>Lisa Holliday Deposition:</u> to include the attached exhibits
- <u>Answers to discovery for Crystal Smith and Sean Smith</u>

## QUALIFICATIONS

I have been an Insurance Claims professional for the last 29+ years, with my field of expertise centered on Management of Property claims handling for the last 22 years. The initial 25 years I was employed by Shelter Insurance, spending the last 12+ years as a Property Specialist working with our claims branches and catastrophe team on all Property processes, policies and claims handling procedures. This included the training and education of adjusters and Property Supervisors. I developed a curriculum for this employer specifically on Earthquake adjusting practices.

Since my retirement from Shelter Insurance, over the last four (4) years I have been an Independent Adjusting firm reviewer for Catastrophe claims in areas on the East Coast and throughout the Midwest.

Over the last four years I have been an adjunct instructor at Francis Tuttle Vo-Technology Center in the Adult and Career Development Center, specifically providing training in the Insurance Continuing Education field. My current subjects relate to Insurance Fraud Investigation and Oklahoma Earthquake Continuing Education for Oklahoma agents and adjusters.

I continue to maintain my Oklahoma Adjuster License and have completed many Continuing Education (CE) classes related to include but not limited to California Earthquake CE and Oklahoma Earthquake CE along with other Continuing Education courses.

## CLAIM FILE BACKGROUND

In review of this file, the claims notations were reviewed as well as the timeline in the handling of this claim. The First Notice of Loss was 8/24/17, and the insured was contacted the same day by the company adjuster. A senior adjuster was reassigned the claim on 8/28/17 and that second adjuster, contacted the insured to advise of the new contact information for her and the assignment by CSAA to the Rimkus Engineering firm to inspect the insureds property.

The CSAA adjuster immediately advised the insured that CSAA was engaging the services of an engineering firm to evaluate the insureds claims of damage from a 5.0 Earthquake on 11/7/16.

Inspection of the property by the engineer, Lisa Holliday, was made on Sept. 1, 2017. The adjuster followed up with the insured on 9/5/18 and 9/14/18 stating that CSAA was awaiting the written report from Rimkus. Additional contacts were made with Lisa Holliday during that time requesting the status of the report. The Rimkus report was received by CSAA on 9/18/18 and the insured was contacted by the adjuster on 9/19/18 advising of the Engineer findings and the denial of the claim based on those findings. The CSAA adjuster followed up with the denial letter to the insured on the same day.

The claim file also included a certified copy of the insured's HO-3 policy along with the Earthquake Endorsement purchased by the insured. These documents were reviewed for information about the coverage and exclusions of both.

## OPINIONS

3

The timeline in the handling of this claim is appropriate in my opinion as the total time elapsed form the First Notice of Loss through the conclusion with the denial letter was a total of 26 days. During that time, contact with the insured was timely and informative of the claim status.

This referral to an Engineering firm is appropriate and timely as it is a common practice in the insurance industry to enlist the services of a Structural Engineer on homes claiming earthquake damage. The engineer report includes Soil reports, identifies Magnitude (energy released) and Mercalli Intensity documentation to explain her findings. This engineer, Ms. Holliday is particularly qualified in assessing earthquake damage as she has more actual earthquake experience than the average structural engineer in the state of Oklahoma.

The denial relied on the following Exclusion in the insured's HO3 policy as well as the Earthquake Endorsement.

Exclusions listed and reviewed are as follows.

2. We do not insure, however, for loss:
a. Excluded under Section I – Exclusions;

(6) Any of the following:
(a) Wear and tear, marring, deterioration


**2. Earth Movement**
Earth Movement means:
*a.* Earthquake, including land shock waves or tremors before, during or after a volcanic eruption; \*\*
*b.* Landslide, mudslide or mudflow;

*c.* Subsidence or sinkhole; or
*d.* Any other earth movement including earth sinking, rising or shifting;
caused by or resulting from human or animal forces or any act of nature unless direct loss by fire or explosion ensues and then we will pay only for the ensuing loss.
This Exclusion A.2. does not apply to loss by theft.

\*\* The Earthquake Endorsement changes/ removes the wording of this portion of the policy language, however the endorsement clearly states that all other provisions of this policy apply.

On another note, I was asked to address the request by the Smiths for the engineer report, I did not find anything in the claim file or the engineer report that speak to a request having

4

been made by the insured or that the request was denied. A vendor like an Engineering firm typically supply a report only to the company/entity that employed their services.

## CONCLUSIONS

Based on my review of the materials I have already outlined, it is my opinion at this time that the timely handling of the claim is appropriate for this type of claim. The Engineer report specifically mentions causes of damage that are excluded in the policy language. An inspection of the property, the accompanying reports, and photos, along with intensity and magnitude information about the 11/7/16 earthquake, are strong evidence of the Engineer's opinion. In my opinion it is appropriate for CSAA to rely on this engineer report for its denial of the Smiths claim.

As state previously, it is my understanding that I may be asked to review additional information pertinent to this case and reserve the right to modify my report if the additional information warrants any changes in my observations, opinions or conclusion.

Sincerely,

X _____
Cindi L. Miles
Claims Consultant

5