# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN FOX and BARBARA FOX, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> COUNTRY MUTUAL INSURANCE ) <br> COMPANY, ) <br> ) <br> Defendant. ) | Case No. CIV-17-1228-SLP |

### ORDER

Before the Court is Defendant Country Mutual Insurance Company's Motion for Summary Judgment and Brief in Support [Doc. No. 42]. The matter is fully briefed and ready for decision.[1]

### I. Background

In November 2017, Plaintiffs' home was damaged as a result of an earthquake. At issue in this action is an insurance policy issued by Defendant to Plaintiffs providing coverage for such damage. Following its evaluation of Plaintiffs' claim, Defendant submitted payment to Plaintiffs. But Plaintiffs contend Defendant breached its contractual obligations under the insurance policy because it did not pay for all damages attributable to the earthquake and covered under the policy. Plaintiffs further claim Defendant tortiously breached the contract by failing to conduct a reasonable investigation of their claim. Plaintiffs contend Defendant has engaged in a pattern or practice of hiring an

---

[1] Citations to the parties' submissions reference the Court's ECF pagination.

Defendant responds that "Plaintiffs' claim was the first Rimkus/France earthquake inspection in Oklahoma performed for CMIC, and there were only two total." Def.'s Reply at 9. Moreover, Defendant contends "the second examination by France found structural damage." *Id.* Defendant also argues that Rimkus findings by other engineers in cases involving other insureds, other insurers and other types of losses are not relevant to the issue of bad faith.

Plaintiffs argue that "it defies belief that CMIC can actually insist that, as a matter of law, it 'reasonably relied' on the report of an engineer *it pre-identified to produce favorable reports for $4,000 a claim*." Pls.' Resp. at 26 (emphasis added). But Plaintiffs fail to point to any evidence from which a reasonable inference can be drawn that Defendant engaged in such conduct. Instead, Plaintiffs make speculative assertions.

The Court agrees with Defendant that evidence of reports made by Rimkus in matters involving other insureds and other insurance companies is insufficient to establish that *this* Defendant hired Rimkus to inspect Plaintiffs' property with the knowledge that Rimkus would produce a report favorable to Defendant or otherwise fail to adequately investigate and evaluate Plaintiffs' claim. Indeed, Defendant's evidence that Mr. France found structural damage in the only other earthquake claim he investigated for Defendant refutes Plaintiffs' speculative assertion.

Plaintiffs also argue Mr. France did not conduct proper testing of soil around their home and this further evidences Defendant's bad faith in hiring him. In his report, Mr. France relies upon soil ratings by the United States Department of Agriculture Resources

Defendant's conduct, at a minimum, could give rise to a finding of reckless disregard. Accordingly, summary judgment in favor of Defendant on the issue of punitive damages is unwarranted.

## V. Conclusion

For the reasons set forth, the Court finds Defendant is not entitled to summary judgment on any claim or issue.

IT IS THEREFORE ORDERED that Defendant Country Mutual Insurance Company's Motion for Summary Judgment and Brief in Support [Doc. No. 42] is DENIED.

IT IS SO ORDERED this 21st day of November, 2018.

*[signature]*

**SCOTT L. PALK**
**UNITED STATES DISTRICT JUDGE**