IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SEAN SMITH and CRYSTAL SMITH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: CIV-17-1302-D |
| | ) | |
| CSAA FIRE AND CASUALTY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO STRIKE DAVID BATTLE
AND SEAN WILEY FROM PLAINTIFFS' WITNESS LIST**

The Defendant, CSAA Fire and Casualty Insurance Company ("CSAA"), for its

Motion to Strike David Battle and Sean Wiley from Plaintiffs' Witness List, alleges and

states as follows:

### BACKGROUND

Plaintiffs, Sean Smith and Crystal Smith ("Plaintiffs") allege their home was damaged

in an earthquake that occurred on November 7, 2016, in Cushing, Oklahoma.  At the time of

the earthquake, Plaintiffs were insured under a CSAA homeowner's insurance policy.  CSAA

hired an engineer to assess the damage to Plaintiffs' home, and to determine whether the

damage was caused by seismic activity.  The engineer determined that the damage Plaintiffs

complained of was caused by poor construction techniques and soil changes, each excluded

under the policy.  Therefore, CSAA denied Plaintiffs' claim.  Plaintiffs filed this lawsuit

alleging breach of contract and bad faith.

Pursuant to the Court's Scheduling Order, the deadline for Plaintiffs to file their final list of expert witnesses and to produce expert reports was August 9, 2018 [Dkt. No. 16]. CSAA timely identified David Battle ("Battle") as an expert on the cost to repair Plaintiffs' home [Dkt. No. 27]. Plaintiffs did not disclose a single expert, and did not produce a single expert report. After the deadline to disclose expert witnesses had expired, Plaintiffs listed Battle, along with their other lay witnesses, in Plaintiffs' Final Witness List, which was filed on November 21, 2018 [Dkt. No. 41]. However, even then, Plaintiffs did not list Battle as their own expert, but instead stated that Battle was "Defendant's expert witness" [Dkt. No. 41]. Plaintiffs also listed Sean Wiley ("Wiley") after the deadline to disclose expert witnesses, as a rebuttal expert "to testify regarding the expert report of David Battle on cost of repairs to Plaintiffs' home" [Dkt. No. 30]. CSAA filed a Motion to Strike Wiley on the grounds that Plaintiffs did not timely disclose him as an expert [Dkt. No. 33]. This Court denied CSAA's Motion, and entered an Order allowing Wiley to testify solely as a rebuttal expert in response to Battle's expert opinions [Dkt. No. 40]. CSAA subsequently decided not to use Battle as an expert. CSAA did not include Battle in its Final Witness List [Dkt. No. 43]. CSAA's counsel stated affirmatively in its Motion for Summary Judgment that it was not going to call Battle as an expert [Dkt No. 48].

On January 8, 2019, after CSAA withdrew Battle as an expert, Plaintiffs' counsel offered to present Plaintiffs' rebuttal expert, Wiley, for a deposition [Email from A. Engel dated January 8, 2019, **EXHIBIT 1**]. Counsel for CSAA responded that Wiley's deposition would not be necessary, as CSAA had withdrawn Battle as an expert witness [Email from

G. Pignato dated January 8, 2019, **Exhibit 2**].  Plaintiffs' counsel replied stating that Plaintiffs intended to call CSAA's former expert, Battle, as a witness at trial [Email from A. Engel dated January 8, 2019, **Exhibit 3**].

Because Plaintiffs did not disclose Battle as an expert at any point, and because Battle cannot testify as a lay witness in this case, Plaintiffs should be prohibited from calling Battle as a witness at trial.  Additionally, Plaintiffs should be prohibited from presenting Wiley as a rebuttal expert as Defendants are no longer calling Battle as an expert in this case.

<u>ARGUMENTS AND AUTHORITIES</u>

**PROPOSITION I:  PLAINTIFFS SHOULD BE PROHIBITED FROM CALLING BATTLE AS AN EXPERT BECAUSE THEY DID NOT DISCLOSE HIM AS AN EXPERT AT ANY POINT, AND DID NOT SUBMIT AN EXPERT REPORT.**

The disclosure of expert witnesses is controlled by FED. R. CIV. P. 26(a)(2).  "[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."  FED. R. CIV. P. 26(a)(2)(A). The disclosure of an expert must be accompanied by a written report prepared and signed by the expert witness.  FED. R. CIV. P. 26(a)(2)(B).  The disclosure of expert witnesses must be made in accordance with the court's scheduling orders.  FED. R. CIV. P. 26(a)(2)(D); *see also Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 895 (10th Cir. 2006) (holding that the district court's exclusion of defendant's expert was proper on the grounds that the expert was not disclosed by the deadline set forth in the district court's scheduling order).  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not

allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37. "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quoting *Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)). "[T]he following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id*. (*citing Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153 (3d Cir. 1995) (*quoting Bronk v. Ineichen*, 54 F.3d 425, 428 (7th Cir. 1995)).

Plaintiffs have never disclosed Battle as an expert witness. Defendant has withdrawn Battle as its expert. This is not a situation like that addressed by this Court in *Guinn v. CRST Van Expedited, Inc.*, No. CIV-09-1198-D, 2011 WL 2414393, at *1 (W.D. Okla. June 10, 2011). In *Guinn*, Plaintiff listed an expert witness to testify at trial in a Pretrial Report and an Amended Pretrial Report. *Id*. Defendant, who had previously deposed the expert witness and determined that Defendant need not call its own expert, also listed the expert as a witness in the Pretrial Report and Amended Pretrial Report. *Id*. The parties submitted a Second Amended Pretrial Report, in which Plaintiff did not list the expert, but Defendant did. *Id*. This Court acknowledged that neither the Federal Rules of Civil Procedure nor the Tenth Circuit directly address a request by a party to use an adverse party's designated expert after

the adverse party withdraws that expert's designation. *Id*. at *2-3. The Court authorized Defendant to call the expert in its case in chief. *Id*. at *4. However, *Guinn* is distinguishable from this case in the following respects. In *Guinn*, Defendant and Plaintiff *both* listed the expert in the Pretrial Reports. *Id.* at *1. In this case, only Defendant timely disclosed Battle as an expert. Plaintiffs have *never* listed Battle as a potential expert witness. Additionally, Plaintiff in *Guinn* did not withdraw the expert until after two versions of the Pretrial Report had been filed. *Id*. In this case, a Final Pre-trial Report has not been filed. The facts in this case are more similar to those in *Ferguson v. Michael Foods, Inc*., 189 F.R.D. 408, 409 (D. Minn. 1999) .

In *Ferguson*, Defendants, in compliance with the magistrate judge's order requiring expert designations to be made prior to the discovery cutoff, submitted an expert witness disclosure. *Id.* at 409. The Plaintiff in *Ferguson* did not make an expert disclosure prior to the discovery deadline. *Id*. Plaintiff later advised Defendants that she intended to call Defendants' expert as a witness. *Id*. The Court prohibited Plaintiff from calling Defendants' expert as a witness on the grounds that allowing Plaintiff to use Defendants' expert would (1) perversely reward the plaintiff for not timely designating its own expert; (2) perversely penalize defendants for adhering to the magistrate's scheduling order; and (3) undermine a principal objective of Rule 26, namely, "to prevent a party from piggybacking on another party's trial preparation." *House,* 168 F.R.D. at 247. *Id*. The Court went on to say that allowing Plaintiff to use Defendants' expert would likely result in the jury discovering that Defendants initially hired the expert, which would lead to "explosive unfair prejudice" *Id*.

at 410 (internal citations omitted).  Just like the Defendants in *Ferguson*, the Defendant in this case timely disclosed, and properly withdrew its expert. Also, just like the Plaintiff in *Ferguson*, the Plaintiffs in this case failed to list a single expert.  It would be an unjust reward to Plaintiffs if they were allowed to call Battle as an expert after failing to timely designate their own expert.   Plaintiffs should be prohibited from piggybacking on Defendant's trial preparation.

In *Rubel v. Eli Lilly & Co.*, 160 F.R.D. 458 (S.D.N.Y. 1995), the Defendant timely listed an expert, whom Plaintiff sought to call as an adverse witness during her case in chief. The Court considered (1) the importance of allowing attorneys to obtain expert advice without fear that the expert could be called as a witness by the opposition; (2) the unfairness of allowing Plaintiff to benefit from the effort and money spent by the Defendant in preparing its case; (3) the likelihood that allowing the opposition to call the other party's expert as a witness would discourage experts from consulting; and (4) the risk of substantial prejudice that would result when the jury found out that Defendant had initially retained, but chose not to use, the expert.  *Id* at 460.  After weighing those considerations, as well as the fact that Plaintiff had plenty of time to retain her own expert without being forced to use Defendant's timely disclosed expert, the Court held the prejudice to Defendant, and the Court's interest in avoiding cumulative evidence, substantially outweighed any legitimate need for the expert's testimony.  *Id.* at 462.  The same considerations support an Order prohibiting Plaintiffs from calling Battle in this case.

Plaintiffs had the same opportunity to retain an expert to testify about the cost to repair their home that Defendant had. Rather than finding and paying for their own expert, Plaintiffs are attempting to benefit from the time and money Defendant spent on Battle.  Substantial prejudice will result if Plaintiffs are allowed to use Battle, because the jury will find out that Defendant initially hired Battle, and then chose not to use him.  This would likely lead the jury to believe Defendant is hiding evidence.  It is doubtful Plaintiffs will be able to elicit testimony from Battle without disclosing that Battle was originally retained by Defendant, especially since Plaintiffs apparently intend to offer Wiley as a rebuttal witness in response to Battle's testimony about the cost to repair Plaintiffs' home [**EXHIBIT 3**].

Plaintiffs were required to disclose any expert witnesses they planned to use, as well as the expert reports, by August 9, 2018 [Dkt. No. 16].  Plaintiffs did not disclose *any* experts, and did not produce any reports.  Therefore, Plaintiffs should be prohibited from calling Battle as an expert in this case.

**PROPOSITION II:**     **PLAINTIFFS SHOULD BE PROHIBITED FROM CALLING BATTLE AS A LAY WITNESS BECAUSE HIS TESTIMONY IS ONLY BASED ON SCIENTIFIC, TECHNICAL, OR OTHER SPECIALIZED KNOWLEDGE.**

Though Plaintiffs included Battle along with their other lay witnesses in their Final Witness List [Dkt. No. 41],  they should be prohibited from calling Battle as a lay witness.

If a witness is not testifying as an expert, his or her testimony is limited to opinions rationally based on the witness's perception, helpful to a clear understanding or determination of a fact in issue, and not based on scientific, technical, or other specialized

knowledge. FED. R. CIV. P. 701. Lay witnesses are not permitted to express an opinion on matters "beyond the realm of common experience and which require the special skill and knowledge of an expert witness." *Randolph v. Collectramatic, Inc.*, 590 F.2d 844, 846 (10th Cir. 1979). Testimony of lay witnesses is admissible if the testimony is based on the witness's own observations of "facts perceived from their own senses, as distinguished from their opinions or conclusions drawn from such facts." *Id*. at 847-48, *citing United States v. Brown*, 540 F.2d 1048, 1053 (10th Cir. 1976), Cert. denied, 429 U.S. 1100, 97 S.Ct. 1122, 51 L.Ed.2d 549 (1977); *Wigmore on Evidence*, 3rd Ed., Vol. VII, ss 2078-2081; and *31 Am.Jur.2d, Expert and Opinion Evidence*, s 2.

Plaintiffs listed Battle, not as their own expert, but as Defendant's expert, to testify regarding his expert report, estimate, photographs of damage to Plaintiffs' home, communication with another expert, expert findings, revisions, conclusions, and his expert experience and qualifications [Dkt. No. 41]. It would require a witness to have knowledge beyond the realm of common experience in order for the witness to testify about Battle's expert report, his estimate of the damages to Plaintiffs' home, his expert findings from his inspection of Plaintiffs' home, and conclusions he reached from his inspection. Additionally, Battle's expert report relies on hearsay. Therefore, those topics are not proper subjects for lay witness testimony. Testimony regarding Battle's revisions to his expert report, and his expert experience and qualifications are not admissible topics for lay testimony because they are not helpful to a clear understanding or determination of a fact in issue.

The only facts Battle could testify about are based on scientific, technical, or other specialized knowledge.  He did not make any independent observations that were not used to form his expert opinion and conclusions.  Therefore, Battle cannot offer lay testimony.  As he was not timely disclosed, nor has he ever been disclosed, as an expert for Plaintiffs, he cannot testify for Plaintiffs at all.

**PROPOSITION III:**      **PLAINTIFFS SHOULD BE PROHIBITED FROM CALLING WILEY AS A REBUTTAL EXPERT BECAUSE DEFENDANT IS NOT PRESENTING ANY EVIDENCE FOR WILEY TO REBUT.**

The role of a rebuttal witness is "to contradict or rebut evidence on the same subject matter identified by *another party* under Rule 26(a)(2)(B) or (C)." FED. R. CIV. P. 26(a)(2)(D)(ii) (emphasis added).  Plaintiffs listed Wiley as a construction and restoration rebuttal expert witness "to testify regarding the expert report of David Battle on cost of repairs to Plaintiffs' home" [Dkt. No. 30].  This Court allowed Plaintiffs to call Wiley solely as a rebuttal witness [Dkt. No. 40].

Defendant is not presenting any evidence from Battle regarding his expert report on the cost of repairs to Plaintiffs' home. There is no evidence from Battle for Wiley to contradict or rebut.  Even if this Court allows Plaintiffs to call Battle as their own expert or lay witness, Plaintiffs should still be prohibited from calling Wiley to testify because his testimony would be contradicting Plaintiffs' own evidence, not evidence identified by another party.  FED. R. CIV. P. 26(a)(2)(D)(ii).

<u>CONCLUSION</u>

Plaintiffs have never disclosed Battle as an expert.  They now wish to call him in their case in chief even though he was not timely disclosed as an expert in compliance with the Federal Rules of Civil Procedure and this Court's Scheduling Order.  Battle was listed as Defendant's expert in Plaintiffs' Final, non-expert Witness List.  However, Battle cannot testify as a lay witness for Plaintiffs because his testimony would be based on scientific, technical, or specialized knowledge.  Because Defendant is no longer calling Battle as an expert, Plaintiffs cannot call Wiley as a rebuttal expert.

Respectfully submitted,


*s/ Dixie A. Craven*
Gerard F. Pignato, OBA No. 11473
R. Greg Andrews, OBA No. 19037
Dixie A. Craven, OBA No. 31528
ROBERSON, KOLKER, COOPER & GOERES, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma  73102
Telephone:   405-606-3333
Facsimile:   405-606-3334
Email:        jerry@rkcglaw.com
              greg@andrews.law
              dixie@rkcglaw.com
ATTORNEYS FOR DEFENDANT,
 CSAA FIRE AND CASUALTY
 INSURANCE COMPANY

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 25, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Steven S. Mansell, Esquire
Mark A. Engel, Esquire
Kenneth G. Cole, Esquire
M. Adam Engel, Esquire

*s/ Dixie A. Craven*
For the Firm