IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

SEAN SMITH and CRYSTAL SMITH, )
)
      Plaintiffs, )
)
v. ) Case No.: CIV-17-1302-D
)
CSAA FIRE AND CASUALTY )
INSURANCE COMPANY, )
)
      Defendant. )

**DEFENDANT'S MOTION TO STRIKE EXHIBIT 2 FROM PLAINTIFFS' RESPONSE TO CSAA'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

The Defendant, CSAA Fire and Casualty Insurance Company ("CSAA"), for its Motion to Strike Exhibit 2 (hereafter "at-issue photograph") From Plaintiffs' Response to CSAA's Motion for Partial Summary Judgment, alleges and states as follows:

### BACKGROUND

Plaintiffs, in their Response to CSAA's Motion for Partial Summary Judgment, introduced the at-issue photograph as Exhibit 2 [Dkt. No. 53]. According to Plaintiffs, the at-issue photograph was taken after Plaintiffs cut holes in their floor, and the photograph revealed "cracked floor joists." [Dkt. No. 53]. What Plaintiffs fail to mention is who took the photograph, when it was taken, or where it was taken. The photograph completely lacks a foundation. Additionally, the at-issue photograph was not timely produced to CSAA.

On February 16, 2018, CSAA issued discovery to Plaintiffs asking them to produce, among other things, "all photographs or videos that depict, to any degree, the damage You attribute to the Incident giving rise to this lawsuit." (CSAA's First Set of Requests for

Production of Documents, Request No. 5 to Crystal Smith, **Exhibit 1**, and Request No. 5 to Sean Smith, **Exhibit 2**). Plaintiffs responded on March 19, 2018, but did not produce the at-issue photograph.

On April 20, 2018, CSAA's expert, J. Stephen Ford, Ph.D., P.E., ("Ford") and CSAA's former expert, David Battle ("Battle"), inspected Plaintiffs' home. There was no way for Ford or Battle to observe the areas depicted in the at-issue photograph. The only way to view those areas would have been to cut a large hole in the floor. There was no hole in the floor at the time Ford and Battle inspected the home. On November 2, 2018, Plaintiffs deposed Battle. Battle was originally retained to testify as an expert on the cost to repair Plaintiffs' home, but has since been withdrawn. During Battle's deposition, Plaintiffs' counsel attempted to enter the at-issue photograph as an exhibit. The following exchange occurred:

> Q: I'm going to show you Defendant's Exhibit 17. And I've only got one copy of this one, too, but we'll make copies.
>
> A: Is this this house?
>
> Q: We'll get there. Just take your time looking at them.
>
> A: Okay.
>
> MR. ANDREWS: Adam, where are these pictures from?
>
> MR. ENGEL: I took them.
>
> MR. ANDREWS: I'm pretty sure we asked in discovery to produce any and all photographs of the house. I'm pretty sure I've never seen this picture of the house.

> MR. ENGEL: We went back to look at it. I'll submit them.
>
> MR. ANDREWS: Just note my objection on the record.
>
> A:  Yeah. I can see the picture. This mostly looks like rotten wood here.

(Depo of David Battle, p. 125:1-20, **EXHIBIT 3**.)

The photograph counsel attempted to introduce had never previously been produced. Though Plaintiffs' counsel stated that he took the photograph, it was later revealed that Plaintiffs' rebuttal expert, Sean Wiley, had taken the photograph on September 10, 2018. According to Plaintiffs' counsel's representations during David Battles' deposition, the photograph depicts the house underneath the living room. (Page 129, Lines 5-7, **EXHIBIT 3**). No one has testified regarding when the photograph was taken, how the area was accessed, who took the photograph, or what the photograph depicts. No one, other than Plaintiffs' counsel, has even testified that the photograph was taken at Plaintiffs' home. Long after CSAA's engineer had the opportunity to inspect Plaintiffs' home, and after Battle's deposition had been taken, Plaintiffs supplemented their discovery responses to include four never-before produced photographs, including the photograph counsel attempted to introduce during Battle's deposition. (At-issue Photographs, **EXHIBIT 4**). Though the photographs were apparently taken on September 10, 2018, Plaintiffs waited almost a month to produce them, and only produced them after Battle's deposition was completed.

The photographs show damaged wood, purportedly underneath Plaintiffs' living room. No one has testified for Plaintiffs regarding the cause of the damaged wood, nor have

3

Plaintiffs listed a single expert or witness who is qualified to testify about the cause of the damage to the wood. The only person who has testified about the cause of the damage to the wood is CSAA's former expert, David Battle, who said "[i]t's just rotten wood." (Page 129, Line 21, **EXHIBIT 3**).

**ARGUMENTS AND AUTHORITIES**

**PROPOSITION I: EXHIBIT 2 SHOULD BE STRICKEN BECAUSE PLAINTIFFS FAILED TO TIMELY DISCLOSE IT TO CSAA.**

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37. "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quoting *Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)). "[T]he following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id*. (*citing Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153 (3d Cir. 1995) (*quoting Bronk v. Ineichen*, 54 F.3d 425, 428 (7th Cir. 1995)).

The prejudice to CSAA is great. To CSAA's surprise, Plaintiffs first revealed that they had cut a hole in their floor and had taken pictures of the area underneath the living room

4

seven months and two weeks after Plaintiffs initially responded to discovery. Though the at-issue photograph was taken September 10, 2018, Plaintiffs did not bother to produce it, or to inform CSAA that they were cutting a hole in their floor in order to take photographs for use at trial until November. Instead, Plaintiffs waited to surprise CSAA with the photograph during Battle's deposition. CSAA was prejudiced by this delay because, by the time CSAA found out about the at-issue photograph, its engineers had already completed their inspections and reports. One of CSAA's expert's depositions had already been taken. Plaintiffs' untimely submission of the at-issue photographs prevented CSAA from viewing the areas of the home allegedly depicted in the at-issue photograph. It also prevented CSAA from hiring an expert to testify about the cause of the damage pictured in the at-issue photograph.

It is not probable that the prejudice can be cured. CSAA would have to hire someone to re-inspect Plaintiffs' home now that there is a hole in the floor. CSAA would have to find and retain an expert to testify about the cause of the damage depicted in the photographs. CSAA cannot do this, because the deadline to disclose expert witnesses expired on August 23, 2018 [Dkt. No. 16].

        **PROPOSITION II:**     **EXHIBIT 2 SHOULD BE STRICKEN BECAUSE IT LACKS THE PROPER FOUNDATION.**

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901. None of Plaintiffs' witnesses will be able to testify

that the at-issue photograph shows earthquake damage under Plaintiffs' home. Plaintiffs have not listed a single witness to testify regarding the authenticity of the at-issue photograph [Dkt. No. 41]. Nor have Plaintiffs listed a single witness to testify regarding the cause of the damage to the wood in the at-issue photograph. [Dkt. No. 41]. Sean Wiley apparently took the photograph, but he is only allowed to testify as a rebuttal expert in response to Battle's testimony [Dkt. No. 40]. As CSAA is not calling Battle to testify, Wiley will not be able to testify either. Therefore, he will not be able to authenticate the photograph. Even if Wiley was allowed to testify regarding the authenticity of the photograph, he would not be allowed to testify regarding the cause of the damaged wood. This testimony requires an expert opinion, and Plaintiffs did not disclose Wiley as an expert on causation. Allowing Plaintiffs to introduce the photograph without explaining the cause of the damage would be confusing to the jury, and unfairly prejudicial to CSAA.

Because the photograph lacks foundation, it will be inadmissible at trial. Therefore, it should be stricken from Plaintiffs' Response to CSAA's Motion for Partial Summary Judgment.

      **PROPOSITION III:** **EXHIBIT 2 SHOULD BE STRICKEN BECAUSE IT IS IRRELEVANT, AND WILL CONFUSE THE ISSUES FOR THE JURY.**

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402.

The at-issue photograph would only be relevant if it evidenced damage caused by an earthquake. Plaintiffs have not listed a single expert or other witness who is competent to testify regarding the cause of the damaged wood. The only person who has testified about the picture is CSAA's former expert, Battle, who stated that the picture showed wood rot, not earthquake damage. (Page 129, Line 21, **EXHIBIT 3**). Wood rot is not relevant to Plaintiffs' earthquake damage claim. The photograph would confuse the issues for the jury. Without testimony from a witness competent to testify regarding causation, the jury may view the at-issue photograph and assume the wood is evidence of earthquake damage. There is no one who can testify that this damaged wood was caused by an earthquake, and therefore, the picture is not relevant.

Plaintiffs have not listed any expert witnesses, and none of Plaintiffs' lay witnesses have the qualifications necessary to tell the jury that the damaged wood was caused by an earthquake. Therefore, the photograph will be inadmissible at trial, and should be stricken from Plaintiffs' Response to CSAA's Motion for Partial Summary Judgment.

## CONCLUSION

Plaintiffs unfairly surprised CSAA with the at-issue photograph during CSAA's former expert's deposition. Though Plaintiffs have not listed a single expert to testify that the wood in the photograph was damaged by an earthquake, the jury would most likely assume the photograph depicts earthquake damage. Plaintiffs did not inform CSAA that they intended to cut a hole in their floor after CSAA's inspections. Plaintiffs waited to disclose the photograph until after the deadline for CSAA to list expert witnesses had expired.

7

Because CSAA did not have the opportunity to take its own photographs or retain expert witnesses to testify regarding the cause of the damage to the wood, CSAA would be unfairly prejudiced by introduction of the photograph into evidence.

Additionally, the photograph lacks a foundation. Plaintiffs failed to state in their Response to CSAA's Motion for Partial Summary Judgment who took the photograph, or when the photograph was taken. Other than Plaintiffs' counsel, no one has testified or offered evidence that the photograph is what Plaintiffs say it is, a photograph of their home underneath their living room. For these reasons, the at-issue photograph listed as Exhibit 2 in Plaintiffs' Response to CSAA's Motion for Summary Judgment should be stricken.

                              Respectfully submitted,

                              *s/ Dixie A. Craven*
                              Gerard F. Pignato, OBA No. 11473
                              R. Greg Andrews, OBA No. 19037
                              Dixie A. Craven, OBA No. 31528
                              ROBERSON, KOLKER, COOPER & GOERES, P.C.
                              Robinson Renaissance Building
                              119 North Robinson Avenue, 11th Floor
                              Oklahoma City, Oklahoma  73102
                              Telephone:    405-606-3333
                              Facsimile:     405-606-3334
                              Email:          jerry@rkcglaw.com
                                                      greg@andrews.law
                                                      dixie@rkcglaw.com
                              **ATTORNEYS FOR DEFENDANT,**
                                **CSAA FIRE AND CASUALTY**
                                **INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 25, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

    Steven S. Mansell, Esquire
    Mark A. Engel, Esquire
    Kenneth G. Cole, Esquire
    M. Adam Engel, Esquire

                                           *s/ Dixie A. Craven*
                                           For the Firm