IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

SEAN SMITH and CRYSTAL SMITH, )
)
Plaintiffs, )
)
v. ) Case No.: CIV-17-1302-D
)
CSAA FIRE AND CASUALTY )
INSURANCE COMPANY, )
)
Defendant. )

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT CSAA'S MOTION TO STRIKE DAVID BATTLE AND SEAN WILEY FROM PLAINTIFFS' WITNESS LIST**

The circumstances of this case are unique, and, as evidenced by the various cases cited by both sides, do not appear to have been directly addressed before by any court. To summarize, Plaintiffs did not list a single expert witness. CSAA, assuming Plaintiffs would retain an expert to address the cost of repair, listed Battle to testify about the cost to repair Plaintiffs' home. However, Plaintiffs did not identify <u>any</u> experts. This Court allowed Plaintiffs to call Wiley as an expert witness only to rebut Battle's testimony. Said differently, if CSAA chose not to call Battle, Plaintiffs would be unable to call their rebuttal witness, Wiley. In fact, CSAA then withdrew Battle as its expert.

Plaintiffs now, wish to call Battle so that they can also call Wiley. Plaintiffs should have listed Wiley as an expert if they wished to present testimony on the cost to repair their home. They failed to do so. It is unfairly prejudicial to CSAA to allow them to make up for their failure by calling CSAA's withdrawn expert <u>and</u> their own expert to rebut the

withdrawn expert's testimony. To allow Plaintiffs to do so would mean that a party could escape the requirements of FED. R. CIV. P. 26(a)(2) by listing only rebuttal experts, and then calling the opposition's experts in order to force their rebuttal expert's testimony into the trial. Plaintiffs are no longer asking this Court to allow them to call Wiley as a witness to rebut CSAA's expert's testimony, because CSAA is no longer calling that expert. Now, Plaintiffs are asking this court to allow them to call Battle as their own expert, and also call Wiley to rebut Plaintiffs' own expert witness's testimony. In other words, Plaintiffs are asking this court to allow them to call Wiley no matter what. This would allow Plaintiffs to avoid the consequences of failing to timely disclose a single expert witness.

As Plaintiffs pointed out, some courts have employed a balancing test to determine whether a withdrawn expert can be called to testify by the opposition. *Hill v. Kaiser-Francis Oil Co.*, No. CIV-09-07-R, 2012 WL 528280 (W.D. Okla. Feb. 17, 2012). However, none of the cases carefully selected by Plaintiffs deal with the same, or even similar, facts involved in the present case. In this case, unlike those cherry picked by Plaintiffs, the probative value of allowing Plaintiffs to call Battle as their own witness is substantially outweighed by the danger of unfair prejudice. As Plaintiffs fully admit, "[i]t was not until CSAA produced its expert reports that the issue of how much it would cost to repair the home even arise [sic]." (*See* Plaintiffs' Response to CSAA's Motion to Strike Battle and Wiley at page 4). Plaintiffs have not listed anyone to testify regarding the cost to repair their home. Because CSAA has withdrawn Battle as an expert, the cost to repair Plaintiffs' home will no longer be addressed at trial. Therefore, there is absolutely no probative value of Battle's testimony. There is,

however, a huge risk of unfair prejudice. Even the Northern District of Iowa case Plaintiffs cited recognized the risk of unfair prejudice in allowing an opposing party to call a withdrawn expert, stating "the court sees a tremendous potential for prejudice to Combined simply in the revelation to the jury that Combined originally hired, designated, then dropped Dr. Taylor as an expert after his examination of the plaintiff once Dr. Taylor's opinions were actually known." *House v. Combined Ins. Co. of Am.*, 168 F.R.D. 236, 248 (N.D. Iowa 1996). Though the unfair prejudice in *House* did not outweigh the probative value, it certainly does in this case where Battle's testimony has no probative value.

The Second Circuit case cited by Plaintiffs, *Kaufman v. Edelstein*, 539 F.2d 811 (2d Cir. 1976), is not relevant because it applies different facts. *Kaufman* dealt with an expert who was unwilling to testify, not a party objecting to its opposition calling the party's withdrawn expert witness. *Id*. The court in *Kaufman* weighed a variety of factors in deciding whether an expert witness could be compelled to testify. *Id*. at 822. It did not consider or discuss a situation where a party tries to call another party's withdrawn expert as its own witness. *Id*. The Southern District of Alabama case cited by Plaintiffs is also distinguishable. *Kerns v. Pro-Foam of S. Alabama, Inc.*, 572 F. Supp. 2d 1303 (S.D. Ala. 2007). In *Kerns*, the Defendant objected to Plaintiff calling Defendant's expert at trial. *Id*. However, the defendant in *Kerns* never withdrew its expert. *Id.* The *Kerns* defendant intended to call its expert at trial. *Id.* Therefore, the Court found it would not be prejudicial or confusing for Plaintiff to also call the expert, as the expert was going to testify anyway. *Id* at 1310.

That, of course, is not the situation before this Court. CSAA has withdrawn Battle as an expert. CSAA does not intend to call Battle. This is undisputed. It would be unfairly prejudicial to CSAA if Plaintiffs were allowed to call CSAA's former expert as its own expert, and then rebut portions of Battle's testimony with Wiley's. *Doe v. Eli Lilly & Co.*, 99 F.R.D. 126, 127 (D.D.C. 1983) is also irrelevant. In that case, the defendant wanted to interview the plaintiff's treating physicians, and the plaintiff objected. *Id.* The court determined that, generally speaking, a party does not have a proprietary right to a witness's evidence. *Id*. at 128. The court did not address a withdrawn expert's testimony at trial.

Finally, Plaintiffs' reliance on *S.E.C. v. Koenig*, 557 F.3d 736 (7th Cir. 2009) is also misplaced. In *Koenig*, the defendant objected to its expert testifying as a witness for the S.E.C. only because the S.E.C. failed to include the witness on its list of potential witnesses. *S.E.C. v. Koenig*, 557 F.3d 736, 743 (7th Cir. 2009). In this case, CSAA objects to Plaintiffs calling Battle as their own expert witness not only because Plaintiffs failed to disclose him as their own expert, but also because CSAA withdrew Battle as an expert, because Plaintiffs failed to list a single witness to testify about the cost to repair their home, and because Plaintiffs are asking to offer Battle's testimony and also rebut it with Wiley's testimony.

Plaintiffs wish to have their cake and eat it too. Though they did not list a single expert, they wish to present their expert's testimony in the form of rebuttal testimony, even though Plaintiffs are the only ones presenting evidence for their expert to rebut. Plaintiffs try to get around this preposterous result by stating that Wiley should be allowed to testify to rebut not only Battle's testimony, but also Dr. Ford's testimony. Plaintiffs listed Wiley to

testify as a rebuttal expert regarding Battle's report only. [Dkt 31]. This Court entered an Order allowing Wiley to testify as a rebuttal expert regarding Battle's report only. [Dkt No. 40]. Plaintiffs never disclosed Wiley as a rebuttal witness in regards to Dr. Ford's testimony. CSAA disclosed Dr. Ford as an expert in the field of structural engineering on August 23, 2018 [Dkt. No. 27] to testify regarding the *cause* of the damage to Plaintiffs' home. The deadline for Plaintiffs to disclose a rebuttal witness was 30 days later, on September 22, 2018. *See* FED. R. CIV. P. 26(a)(2)(D)(ii). It is too late for Plaintiffs to list Wiley as a rebuttal witness in regards to Dr. Ford's testimony now.

Respectfully submitted,

s/Gerard F. Pignato

Gerard F. Pignato, OBA No. 11473
R. Greg Andrews, OBA No. 19037
Dixie A. Craven, OBA No. 31528
ROBERSON, KOLKER, COOPER & GOERES, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone: 405-606-3333
Facsimile: 405-606-3334
Email: jerry@rkcglaw.com
greg@andrews.law
dixie@rkcglaw.com
**ATTORNEYS FOR DEFENDANT, CSAA FIRE AND CASUALTY INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Steven S. Mansell, Esquire
Mark A. Engel, Esquire
Kenneth G. Cole, Esquire
M. Adam Engel, Esquire

s/ Gerard F. Pignato
For the Firm