IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SEAN SMITH and CRYSTAL SMITH, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CSAA FIRE AND CASUALTY )<br>INSURANCE COMPANY, )<br>)<br>Defendant. ) | Case No.: CIV-17-1302-D |

**DEFENDANT'S REPLY TO PLAINTIFFS'
RESPONSE TO DEFENDANT CSAA'S MOTION TO
STRIKE EXHIBIT 2 FROM PLAINTIFFS' RESPONSE TO
DEFENDANT CSAA'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs' statement that their floor was "collapsed" at the time Lisa Holliday ("Holliday") and Tim France ("France") completed their inspection on September 1, 2017 is misleading. "Collapse" is defined in the policy as "an abrupt falling down or caving in of a building or any part of a building with the result that the building or part of the building cannot be occupied for its current intended purpose." (Plaintiffs' Policy of Insurance, EXHIBIT 1.) Plaintiffs' floor was completely intact. No portion of the house underneath the living room floor was visible from the living room at the time CSAA's engineers inspected the home. There was nothing indicating that the floor joists were broken during Holliday's inspection:

> Q: Do you recall whether or not you walked over -- when I say collapsed floor joist, do you understand what I'm referring to?

> A: Well, I understand the technical meaning of collapsed. We certainly didn't see anything collapsed or any sign of anything collapsed there.
>
> Q: If something had collapsed, what would that feel like when you're walking across the floor?
>
> A: Collapse is a complete break of the member, and that would have been very obvious.
>
> Q: What if it had fallen over? What would you call that?
>
> A: Fallen over.

(Depo of Lisa Holliday, p. 151, lines 7-19, **EXHIBIT 2**.)

There was nothing suggesting the floor joists were broken during France's inspection either:

> A: There was nothing there that I saw that would justify going into it, and, too, if I remember correctly, there was no direct access to the crawl space.

(Depo of Timothy France, p. 81, lines 5-8, **EXHIBIT 3**.) Even now, Plaintiffs are unable to offer any admissible evidence suggesting that the joists were broken in the earthquake. Had Plaintiffs timely submitted the photograph in question, CSAA would have had the opportunity to hire a consultant or an expert to determine the cause of the broken joist.

Even if Plaintiffs *did* timely submit the at-issue photograph, they still could not introduce it as evidence at trial, because Plaintiffs have not listed a single witness competent to testify regarding the cause of the broken joists. As Holliday explained, a broken joist is not indicative of earthquake damage. (Depo of Lisa Holliday, p. 152, lines 20-22, **EXHIBIT 2**.) CSAA's former expert, David Battle ("Battle"), stated that the broken joist, disclosed for

2

the first time long after the deadline had passed to list experts, and long after inspections had been completed, was indicative of wood rot.  (Depo of David Battle, p. 125, lines 1-20, **Exhibit 4**.)  Plaintiffs have not listed any witnesses who are qualified to testify that earthquakes can cause broken joists. Therefore, the photographs are inadmissible on those grounds alone.

Plaintiffs are correct that they did not submit the at-issue photographs until after CSAA's engineers and experts had inspected their home, pre and post-suit, and provided their reports.  CSAA never dreamed that Plaintiffs would cut a hole in their floor and take photographs of rotten joists, and then submit those photographs as exhibits without a single shred of evidence that ties a broken joist to an earthquake. Structural Engineer Steve Ford acknowledged that there was a high probability that the floor joists were broken **due to wood rot**. (Depo of Stephen Ford, p. 112, lines 4-7, **Exhibit 5**.)  However, CSAA was inspecting the home for possible damage caused by an earthquake.  Because earthquakes do not typically cause broken floor joists, there was no reason for CSAA's engineers to cut a hole in Plaintiffs' floor, and then pay for the repairs, just to view possible damage, particularly *unrelated* damage.  Again, Plaintiffs can offer no admissible evidence that the broken joist in the at-issue photograph was caused by the earthquake.

To clarify, not only is the subject photograph inadmissible in its present form, but also, it cannot be admitted at trial because Plaintiffs do not have an expert competent to testify that the broken joists were caused by the earthquake. Without this required testimony, the photographs are not relevant to Plaintiffs' claims.  Even if this Court allowed Plaintiffs

to lay a foundation for the photographs, Plaintiffs are not qualified to testify about what caused the broken joists in the photographs. If the photographs were admitted at trial, the jury would see the photographs, but not hear any evidence about what caused the broken joists. They would most likely falsely assume, since the case is about an earthquake, that the earthquake caused the damage. Inasmuch as Plaintiffs have provided no admissible evidence that an earthquake caused the damage depicted, it would be unfairly prejudicial to CSAA for those photographs to be introduced.

Plaintiffs' assertion of why the photograph is relevant stretches the relevancy standard beyond its limits. The photograph is not relevant to show the existence of earthquake damage. No one can or will testify that the joists in the photograph were caused by an earthquake. The photographs are not relevant for that purpose. Additionally, Plaintiffs' claim that CSAA's unawareness of the rotten floor joists is evidence of bad faith should be ignored entirely. Broken floor joists are not indicative of earthquake damage. (Depo of Lisa Holliday, p. 152, lines 20-22, **Exhibit 2**.) Plaintiffs have not offered, and are unable to offer, any admissible evidence to the contrary. Therefore, CSAA's knowledge of the rotten floor joists is irrelevant to Plaintiffs' bad faith claim.

Plaintiffs did not timely submit the photographs to CSAA. This prevented CSAA from hiring an expert to determine the cause of the broken joists, which is unfairly prejudicial. Additionally, Plaintiffs have not listed a single witness or introduced any other evidence which can be used to prove that the rotten joist in photograph in question was broken in an earthquake. Without any admissible evidence about what caused the broken

joists, a jury will likely be confused, and will assume without the necessary proof that the joists were broken in the earthquake. This is highly prejudicial to CSAA.

For these reasons, the at-issue photograph cannot be admitted at trial, and should not be considered as part of Plaintiffs' Response to CSAA's Motion for Summary Judgment.

Respectfully submitted,

s/Gerard F. Pignato
Gerard F. Pignato, OBA No. 11473
R. Greg Andrews, OBA No. 19037
Dixie A. Craven, OBA No. 31528
ROBERSON, KOLKER, COOPER & GOERES, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma  73102
Telephone:   405-606-3333
Facsimile:   405-606-3334
Email:         jerry@rkcglaw.com
                   greg@andrews.law
                   dixie@rkcglaw.com
**ATTORNEYS FOR DEFENDANT,**
**CSAA FIRE AND CASUALTY**
**INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Steven S. Mansell, Esquire
Mark A. Engel, Esquire
Kenneth G. Cole, Esquire
M. Adam Engel, Esquire

s/ Gerard F. Pignato
For the Firm