# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SEAN SMITH and CRYSTAL SMITH, | ) |
| *Plaintiffs*, | ) |
| v. | ) Case No.:CIV-17-01302-D |
| CSAA FIRE AND CASUALTY INSURANCE COMPANY, | ) |
| *Defendant*. | ) |

## ORDER

Before the Court is a Motion to Strike David Battle and Sean Wiley from Plaintiffs' Witness List [Doc. No. 58] filed by CSAA Fire and Casualty Insurance Company (the "Defendant"). Plaintiffs Sean Smith and Crystal Smith have filed their Response [Doc. No. 60] to which Defendant has replied [Doc. No. 62]. The matter is fully briefed and at issue.

## BACKGROUND

This case arises from an insurance claim for damages to Plaintiffs' home. Plaintiffs' First Amended Complaint, Doc. No. 19 at 1, ¶ 2. Plaintiffs allege the damage was caused by an earthquake on November 7, 2016. *Id.* at 1, ¶ 3. Defendant denied Plaintiffs' insurance claim on the basis that the damage was instead caused by poor construction and soil changes. Response to Motion to Strike Exhibit 2, Doc. No. 61 at 3. Plaintiffs brought this action alleging breach of contract and bad faith. *See* First Amended Complaint.

1

On February 1, 2018, the Court entered a Scheduling Order [Doc. No. 16] in this case. The deadline for Plaintiffs to file their final list of expert witnesses in chief and disclose expert reports was August 9, 2018; Defendant was to do so by August 23, 2018. Doc. No. 16. Defendant timely identified David Battle ("Battle") as an expert on the cost to repair Plaintiffs' home. *See* Final List of Expert Witnesses, Doc. No. 27 at 1. On September 21, 2018 Plaintiffs identified Sean Wiley as a rebuttal expert who would testify as to Battle's reports on the cost of repairs. Plaintiffs' Rebuttal Expert Witness List, Doc. No. 30.

Prior to this Motion, Defendant filed a Motion to Strike Sean Wiley ("Wiley") from Plaintiffs' Rebuttal Witness List. Doc. No. 30. The Court issued an Order allowing Plaintiffs to include Wiley as their witness, but only as a rebuttal witness to Battle's testimony. *See* Order, Doc. No. 40. Defendant thereafter removed Battle from their witness list. *See* Defendant's Final Witness List, Doc. No. 43. Plaintiffs timely filed a final list of witnesses on November 21, 2018, but also included a listing of Battle as an expert witness. Doc. No. 41; *see* Amended Scheduling Order, Doc. No. 29. Plaintiffs' Final Witness List includes both Battle and Wiley. *Id.* at 2–3. Defendant now files a second Motion to Strike arguing that Plaintiffs should not be allowed to call Battle as their witness and that Wiley should be disallowed as a witness because Defendant is not presenting any evidence for Wiley to rebut. Motion at 3–9.

**STANDARD OF DECISION**

The disclosure of expert witnesses is controlled by Fed. R. Civ. P. 26(a)(2). Parties must disclose the identity of experts and any report prepared by expert witnesses

in accordance with any scheduling order issued by the court. Fed. R. Civ. P. 26(a)(2)(C). In the event a party fails to comply with the requirements of Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

## DISCUSSION

**1. Despite a risk of prejudice to Defendant, Battle may testify for Plaintiffs as an expert witness.**

Defendant argues that Plaintiffs should be prohibited from calling Battle as their own witness because it would result in unfair prejudice to Defendant.

Federal Rule of Civil Procedure 26(b)(4) "is silent as to how the court should treat the request by a party to use an adverse party's designated expert at trail after the adverse party withdraws that expert's designation." *Guinn v. CRST Van Expedited, Inc.*, No. CIV-09-1198-D, 2011 WL 2414393, at *2 (W.D. Okla. June 10, 2011) (DeGiusti, J.) (quoting *Ferguson v. Michael Food, Inc.*, 189 F.R.D. 408, 409 (D. Minn. 1999)).

Courts in this Circuit employ a balancing test to determine whether a withdrawn expert can be called to testify for the opposition. *See, e.g., Carbajal v. Lucio*, No. 10-CV-02862-PAB-KLM, 2019 WL 141864, at *9 (D. Colo. Jan. 9, 2019) (applying balancing test and laying out relevant factors); *Brigham Young Univ. v. Pfizer, Inc.*, 2012 WL 1029304, at *4-5 (D. Utah Mar. 26, 2012) (applying balancing test and holding that defendants were entitled to call plaintiff's previously-designated expert witness at trial);

3

*Guinn*, 2011 WL 2414393, at *2–4 (holding that the relevant factors supported allowing the defendant to call the plaintiff's designated expert at trial).

The test is "guided by a balancing of probative value against prejudice" and considers the following factors: (1) the interests Rule 26 serves; (2) any prejudice caused by informing the jury that an expert presented by one party was, at one time, working for the opposition; (3) "the court's interest in the proper resolution of issues"; and, (4) the interests of the party seeking the testimony. *Carbajal*, 2019 WL 141864, at *9. The Tenth Circuit has indicated that the determination as to whether unfair prejudice will arise is within the trial court's discretion "and should be determined according to the specific circumstances presented." *Giunn*, 2011 WL 2414393, at *3 (citing *Archer v. Grynberg*, 1991 WL 268808 (10th Cir. Dec. 12, 1991) (unpublished opinion)).

> a. *The interests Rule 26 was designed to protect militate in favor of allowing Battle to testify.*

Defendant argues that, should Plaintiffs be allowed to use Battle as their own expert, Plaintiffs would be unjustly benefitting from Defendant's efforts in preparing its case. Motion at 6. Plaintiffs argue that by designating Battle as an expert pursuant to Rule 26 and allowing discovery of his expert report and deposition without objection, Defendant subjected Battle's opinions to the scrutiny of trial. Response at 10.

Federal Rule of Civil Procedure 26(b)(4)(A) allows for the deposition of a testifying expert. The advisory committee's note accompanying Rule 26 clarifies that the rule establishes a procedure minimizing the risk of one side benefitting unduly from the other's preparation. Fed. R. Civ. P. 26 advisory committee's note (1970). "Discovery is

limited to trail witnesses and may be obtained only after the parties know who their expert witnesses will be." *Id.* Thus, the effect of designating an expert as a testifying expert under Rule 26 is to recognize her as presenting part of the common body of discoverable information available to all parties. *Cf.* Fed. R. Civ. P. 26(b)(4)(D) ("party may not…discover facts known or opinions held by an expert who has been retained…in anticipation of litigation"), *with* Fed. R. Civ. P. 26(b)(4)(A) ("party may depose any person who has been identified as an expert whose opinions may be presented at trial"). The revisers of the Rule introduced the provision allowing for the discovery of information held by a testifying expert to ameliorate an "acute form of the very evils discovery was meant to prevent." Fed. R. Civ. P. 26 advisory committee's note (1970). To effectively cross-examine a witness a party must be prepared in advance. *Id.* Without preparation, a lawyer "cannot anticipate the particular approach his adversary's expert will take or the data on which he will base his judgment on the stand." *Id.*

By designating Battle as a testifying expert, producing his expert report, and making Battle available for deposition, Defendant waived any protection Defendant may have enjoyed with respect to a non-testifying expert. *See Guinn*, 2011 WL 2414393, at *2. The advisory committee's note clarifies that the risk of one party unduly benefitting from the opposition centers on non-testifying experts. Fed. R. Civ. P. 26 advisory committee's note (1970). And because Battle's deposition and expert reports were available to all parties when Defendant withdrew Battle's designation as an expert witness, there is no credible risk that Plaintiffs might unduly benefit from Defendant's work. *See id.*; *see also Kerns v. Pro-Foam of S. Alabama, Inc.*, 572 F. Supp. 2d 1303,

5

1311 (S.D. Ala. 2007) (finding no undue benefit, as testifying expert reports and opinions do not "belong to one party or another"); *Dovel v. Walker Mfg.*, 174 F.R.D. 649, 650 (D. Neb. 1996) (because expert's opinions were not secret, there was no risk of plaintiff unduly benefitting from her adversary's preparation).

The procedure mandated by Rule 26 seeks to proscribe one party from building a case off the efforts of another. Plainly, it cannot be said that Plaintiffs now unduly benefit from information made available by the very procedures mandated by the rule. Further, the purpose of Rule 26(b) is to allow lawyers to prepare for the cross-examination of witnesses. Fed. R. Civ. P. 26 advisory committee's note (1970). Because Defendant originally retained Battle and has access to all the relevant information, allowing Battle to testify for Plaintiffs is in all ways consistent with the purposes of Rule 26. Defendant all but admits its decision to withdraw Battle was an exercise in gamesmanship and an end run around the Court's Order. *See Reply* at 1 ("[T]he Court allowed Plaintiffs to call Wiley as an expert witness only to rebut Battle's testimony. Said differently, if [Defendant] chose not to call Battle, Plaintiffs would be unable to call their rebuttal witness."). Thus, Defendant stands to benefit from a tactical advantage Rule 26 was never meant to confer. *See Kerns*, 572 F. Supp. 2d at 1309–10. Allowing Battle to testify is not inconsistent with the interests Rule 26 was designed to protect.

> b. *The potential prejudice caused by allowing Battle to testify militates against allowing his testimony.*

Next, Defendant argues that the jury will inevitably learn that Battle switched sides. Motion at 7. When the jury learns of this, Defendant claims, the jury will believe

Defendant is "hiding evidence." *Id*. And, Defendant asserts, substantial prejudice will result. *Id*. Plaintiffs leave this issue largely unaddressed.

"Several decisions discussing the opposing party's use of expert testimony after the expert has been withdrawn have focused on the potential prejudice resulting from disclosure to the jury of the fact that the expert was first hired by one party and then called as a witness by the adverse party." *Guinn*, 2011 WL 2414393, at *2 (collecting cases). Courts have recognized the possibility of "explosive prejudice" should the jury learn that the witness has switched sides. *See id.,* at *3 (quoting *Rubel v. Eli Lilly & Co.*, 160 F.R.D. 458, 460 (S.D.N.Y. 1995)); *see also Peterson v. Willie*, 81 F.3d 1033, 1038 (11th Cir. 1996) ("[W]e believe that the unfair prejudice resulting from disclosing [the fact that the witness had been previously retained by the opposing party] usually outweighs any probative value.").

The Court finds non-binding precedent persuasive on this point and agrees that Defendant would likely be prejudiced if the jury finds out Battle switched sides. This potential prejudice was sufficient for the Eleventh Circuit to find error in a district court's decision allowing a party to elicit testimony before a jury about an expert switching sides. *See Peterson*, 81 F.3d at 1038. The Court notes, however, that the facts of this case are unlike those in *Archer v. Grynberg*, where the Tenth Circuit affirmed a trial court's decision to preclude the use of an expert by an opposing party, in that the expert witness in *Archer* was involved in the preparation of trial strategy. 1991 WL 268808, at *2 (10th Cir. Dec. 12, 1991). Further, like in *Guinn*, where this Court allowed the use of an expert by the opposition, "any prejudice resulting to [Defendant] from [] potential disclosure

7

will not be an issue if [Defendant] is also allowed to call [the expert] at trial." 2011 WL 2414393, at *5.

Nevertheless, the Court finds this factor weighs in favor of precluding Plaintiffs from using Battle as their own expert, keeping in mind that both the Eleventh and Tenth Circuits agree this factor alone is not determinative. *See id.* at n.4 ("decision is committed to the sound discretion of the district court"); *Archer*, 1991 WL 268808, at *2 (determining that the issue is within the trial court's discretion and should be determined according to the specific circumstances presented).

      c. *The Court's interest in the proper resolution of the issues will be undermined if Battle is not allowed to testify.*

Defendant argues that because Battle has been withdrawn as its expert, "the cost to repair Plaintiffs' home will no longer be addressed at trial." Reply at 2. Therefore, Defendant asserts, there is no probative value to Battle's testimony. *Id.* Plaintiffs respond that allowing Defendant to de-designate experts in this way could undermine the Court's interest in the proper resolution of the issues at hand. Response at 9.

A judge serves a gatekeeping function—guided by the rules of evidence and procedure—in a search for truth, culminating in the particularized resolution of legal disputes. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). Allowing a party to de-designate experts after they testify to an unfavorable opinion could undermine the Court's interest in the proper resolution of the issues at hand. *Thomas v. Mitsubishi Motors Corp.*, No. 2:12-CV-1215-DB-PMW, 2014 WL 988785, at *3 (D. Utah Mar. 13, 2014).

Defendant first put the cost of repairing Plaintiffs' home in issue by designating Battle as an expert to testify on those costs. Response at 16 n.6. Plaintiffs argue that because they were unaware the cost of repairs was at issue, they had not designated their own expert witnesses. Reply at 15. Plaintiffs timely designated Wiley as a rebuttal witness. *See* Doc. No. 30. Defendant chose to withdraw Battle only after Plaintiffs indicated Wiley's testimony would be used to rebut Battle, the Court approved Plaintiffs' use of Wiley, and Plaintiffs made Wiley available for Defendant to depose. This was an admitted effort to keep Plaintiffs from introducing Wiley's testimony. Reply at 1. Further, there is the added complication of Steve Ford's ("Ford") testimony. Ford will be called by Defendant as an expert at trial. Response at 15. There is controversy as to whether Ford told Battle that the Plaintiffs' home had, in fact, sustained earthquake damage. Battle appears to have relied on Ford's statements to prepare his estimate. *Id.* at 16. Ford's expert report and deposition testimony now indicate the home sustained no earthquake damage. *Id.* The testimony of Battle and Ford is, therefore, interrelated.

The Court agrees that Defendant's tactical maneuvers in this case risk undermining the Court's interest in the proper resolution of the issues at hand. This factor weighs in favor of allowing Battle to testify for Plaintiffs.

> *d. The Plaintiffs' interests cannot be properly preserved without allowing Battle to testify.*

Finally, courts in this Circuit have turned to whether a plaintiff's interests can be properly preserved without allowing the expert to testify. *See Carbajal*, 2019 WL 141864, at *9 (collecting cases).

Like in *Guinn v. CRST Van Expedited*, where the Court found significant a party's reliance on the opposing party's designation of an expert witness, Plaintiffs here have relied on Defendant's designation of Battle as an expert on the cost of repairs. *Guinn*, 2011 WL 2414393, at *3. According to Plaintiffs, the cost of repairs was not at issue before Defendant introduced Battle as an expert on the matter. Response at 8 ("that is why [Plaintiffs] were forced to list [Wiley] as a rebuttal expert"). Given (1) the fact that Battle's testimony is interrelated with Ford's, and (2) the fact that Battle's testimony on the costs of repairs was integral to Plaintiffs' preparation of Wiley's testimony, asking Plaintiffs to retain a different expert to the same end would be fruitless. Allowing Battle to testify as an expert would, however, properly preserve Plaintiffs' interests.

In sum, after applying all considerations to the circumstances presented by this case, the Court finds that Battle should be allowed to testify as an expert witness in Plaintiffs' case in chief. The Court is mindful that the risk of prejudice to Defendant is real, should the jury be informed that Battle switched sides. Nevertheless, the Court finds that other considerations outweigh this risk and the risk can be ameliorated.[1] Therefore, Defendant's motion to strike Battle as a witness is denied.

**2. Wiley may testify as Plaintiffs' expert to rebut both Battle and Ford because the delay in disclosure is harmless.**

The Court has previously ordered that Wiley be allowed to testify on Plaintiffs' behalf to rebut Battle's testimony. *See* Order, Doc. No. 40. It now appears Plaintiffs

---

[1] Potential prejudice could be ameliorated by, for instance, an explanatory jury instruction or by allowing Defendant to relist Battle as an expert witness for trial out of time.

intend for Wiley to rebut Ford's testimony as well. Response at 17. On August 23, 2018, Ford was listed an expert in the field of structural engineering to testify on the cause of damage to Plaintiffs' home. Doc. No. 27. Defendant correctly points out that the deadline for Plaintiffs to introduce rebuttal witnesses was thirty days later, on September 22, 2018. Reply at 5. Wiley was listed as a rebuttal witness on September 21, 2018, to testify "regarding the expert report of David Battle on cost of repairs to Plaintiffs' home." Doc. No. 30 at 1.

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quoting *Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir.1996)). The Court "need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Id*. The following factors, however, "should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and, (4) the moving party's bad faith or willfulness." *Id*. (citing *Newman v. GHS Osteopathic Inc.,* 60 F.3d 153 (3d Cir.1995) (quoting *Bronk v. Ineichen*, 54 F.3d 425, 428 (7th Cir.1995)).

In its previous Order, the Court found that "even if Mr. Wiley's disclosure were untimely as argued by Defendant, the Court finds that it would be harmless." Doc. No. 40 at 6. All the considerations that swayed the Court then do so now. Then, as now, "Defendant is not prejudiced by allowing the witness, the testimony will not disrupt the

11

trial as it has not yet been set, Defendant has sufficient time to prepare, and there is no evidence of bad faith or willfulness on the part of Plaintiffs." *Id.* Defendant has long been aware of the relationship between the testimony presented by Ford and Battle. *See* Response, Doc. No. 60, Ex. 3 at 3 (deposition establishing that Battle relied on Ford to draft his estimate and referencing Wiley's report); *see also* Doc. No. 60, Ex.5 at 4 (establishing that Ford knew Battle was relying on him to make his estimate). Wiley's testimony has been made available to Defendant. Plaintiffs repeatedly offered Defendant an opportunity to depose Wiley. *See* Response, Doc. No. 58, Ex-2. Certainly, the Court notes that the scope for which Plaintiffs indicated Wiley would serve as a rebuttal witness is narrower than what they now claim, and that discovery deadlines have expired. Scheduling Order, Doc. No. 29 at 2. The Court will, however, allow the scope of Wiley's rebuttal testimony to include rebuttal of Ford's testimony. To prevent unfair prejudice, Defendant will be allowed to depose Wiley out of time, at a time and date mutually-agreed upon by the parties.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike David Battle and Sean Wiley from Plaintiffs' Witness List is **DENIED**. It is further ordered that Plaintiffs allow Defendant to depose Wiley out of time at the parties' convenience.

**IT IS SO ORDERED** this 20th day of September, 2019.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge