**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SEAN SMITH and CRYSTAL SMITH,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>CSAA FIRE AND CASUALTY INSURANCE COMPANY and LISA HOLLIDAY,<br><br>　　　　Defendants. | Case No: 5:17-CV-01302-D |

**PLAINTIFFS' TRIAL BRIEF**

Plaintiffs Sean Smith and Crystal Smith ("The Smiths") respectfully offer the following Trial Brief to apprise the court of the arguments and authorities upon which they rely to support this claim of entitlement to an award of exemplary damages. The Smiths will file memoranda of law as necessary or as directed by the Court.

**ARGUMENTS AND AUTHORITY**

**I.　　PUNITIVE DAMAGES SHOULD BE SUBMITTED TO THE JURY**

Under Oklahoma law, "[a] plea for punitive damages is generally considered to be an element of recover of the underlying cause of action; it does not constitute a separate cause of action." *Rodebush By & Through Rodebush v. Oklahoma Nursing Homes, Ltd.*, 1993 OK 160, 867 P.2d 1241, 1247. Indeed, a plea for punitive damages is redundant since a please for general damages is sufficient to allow a plaintiff to recover both general damages and exemplary damages. *Acton v. Culbertson,* 1913 Ok 160, 132 P. 812, 816. This is also the general rule as stated in 22 AM. JUR. 2D, DAMAGES, § 293. *Accord, Smith v. Warehouse Mkt., Inc.,*, 1978 OK 125, 586 P.2d 724, 726 (noting that "in this state a claim

1

for punitive damages cannot be a separate and independent cause of action but is only incidental or collateral to the claim for actual damages"). The evidence supporting a claim for punitive damages cannot be separated from that supporting a claim for actual damages. Both types of damages are part of one and the same claim for relief.

Oklahoma's punitive damage statute has separate subsections <u>specific to insurance bad faith actions</u> and makes it clear that in cases alleging bad faith against an insurer, punitive damages are appropriate where the jury finds by clear and convincing evidence that an insurance company either recklessly disregarded its duty to deal fairly and in good faith with its insured  23 O.S. §§ 9.1(B)(2) and (C)(2). The reasonableness of Defendant's conduct must be judged in light of the applicable law which it is deemed to know. *Timmons v. Royal Globe Ins. Co.*, 1982 OK 97, 653 P.2d 907, 913-914; *Willis v. Midland Risk Ins. Co.*, 42 F.3d 607, 612 (10th Cir. 1994).

The applicable standard in considering whether to submit punitive damages to the jury is the same as that which applies to the submission of bad faith to the jury, *i.e.*, whether there is any evidence upon which a reasonable juror could find in favor of Plaintiffs. In bad faith cases, 23 O.S. § 9.1 specifically mandates a **jury** finding on the fact issues of recklessness and intent. The Court's role is to make a threshold finding whether the evidence, construed most favorably to Plaintiffs, shows that a *prima facie* case has been presented which **could** support a jury verdict on those issues. The Court does not weigh the evidence, but rather only looks to see whether there is any competent evidence that could support a jury finding of reckless disregard or intentional conduct. The Oklahoma Supreme Court has spoken directly on this issue:

> **[In *Sides v. Cordes, Inc.*, 1999 OK 36, 981 P.2d 26], we . . . noted that previous cases provide that the trial court has a duty to submit a punitive damages question to the jury unless there is a complete lack of evidence to support in inference of the conduct required by § 9.**
>
> Title 23 O.S. Supp. 2002 § 9.1 is the current statutory vehicle that governs all claims for punitive damages. **The current version of the statute, § 9.1, expands the factors and it is directed at the jury, and not the reviewing court.** It allows an award of punitive damages based upon several enumerated factors such as: the seriousness, profitability, duration, concealment, and awareness of the misconduct; and the attitude and financial condition of the employer. Categories of the defendant's conduct are created which limit punitive damages to $100,000.00 where the defendant has acted in reckless disregard to the rights of other and to $500,000.00 where the conduct is intentional and with malice . . . .
>
> **Nothing in the current statutory framework changes the trial court's responsibility to determine whether *any competent evidence* exists which would warrant submission the question of punitive damages to the jury. Once this determination is made, the statute guides <u>the jury</u> as to the many factors of conduct to consider, the level of conduct, and the degree of proof necessary to make an award of punitive damages, if any.** [*Estrada v. Port City Properties, Inc.*, 2011 OK 30, 258 P.3d 495, 502-04] [footnotes omitted; emphasis added].[1]

Once the Court has made the threshold finding that competent evidence exists which would warrant the submission of punitive damages to the jury, it is **the jury** that is charged

---

[1] *See also Sides v. John Cordes, Inc.,* 1999 OK 36, ¶14, 981 P.2d 301, stating:

> When reviewing the proof's sufficiency, the question is whether a *prima facie* case has been presented. A *prima facie* case is made out by that quantum of proof which, if unexplained or uncontradicted, is sufficient to establish a given fact and to uphold a judgment in favor of the issue which it supports, but which may be refuted by other evidence. The evidence may be direct or it may be such as supports an inference in favor of the fact in question. **In the context of a punitive damages award, one's successful presentation of a *prima facie* case gets the issue of punitive damages to the jury.** [footnotes omitted; emphasis added.]

with answering two questions at the close of the evidence to determine whether and at what level punitive damages should be awarded. If evidence was presented is sufficient to make a *prima facie* case for reckless disregard or intentional conduct, the questions must be submitted to the jury. The jury, then, applies the correct standard of proof, as instructed by the Court. Then, in a separate proceeding, the amount of punitive damages, if any, may be considered. Clearly, according to the current statute, the issue of punitive damages is for the jury to decide.

"Punitive damages are not limited to cases where there is direct evidence of fraud, malice or gross negligence, and such damages may be allowed when there is such reckless and wanton disregard of another's rights that malice and evil intent may be inferred." *Sunray DX Oil Co. v. Brown*, 1970 OK 183, 477 P.2d 67, 70. *See also Slocum v. Phillips Petroleum*, 1983 OK 112, 678 P.2d 716, 719 (noting that malice may be **presumed** when a person commits willful acts in reckless disregard of another's rights or safety). Malice may be shown by "an indifference to or conscious disregard" of the rights of another justifying an award of punitive damages. *Alsobrook v. National Travelers Life*, 1992 OK CIV APP 168, 852 P.2d 768; *McCorkle v. Great Atlantic Ins. Co.*, 1981 OK 128, 637 P.2d 583, 586. Malice is defined in OUJI (Civ. 2d) No. 22.5 to include doing of a wrongful act intentionally without just cause or excuse. No "evil intent" is required for the imposition of punitive damages under Categories I and II.

Oklahoma's punitive damage statute prior to 1995 required a determination by the Court to determine the appropriate level of punitive damages to be submitted. Our current punitive damage statute provided for much more structured punitive damage limits but

returned the threshold decision for the category of punitive damages to specifically be determined by the jury. This express mandate in our punitive damage statute for the jury to answer these two punitive damage questions is unequivocal. A review of the statute for Category III punitive damages confirms this unequivocal mandate. It is only at this category, Category III, that the statute prescribes a determination by the Court to establish the appropriateness of this category of punitive damages. In contrast, Category I and Category II punitive damages are expressly within the province of the jury on consideration of the statutory punitive damage questions.

    Here, based upon the evidence and the reasonable inferences therefrom, a jury could reasonably find that CSAA's actions were completely reprehensible. Instead of performing an investigation into the Smith's claims that was reasonable under the circumstances, it sent its approved vendor, Rimkus Consulting Group, Inc. ("Rimkus"), to write a report similar to all the reports Rimkus wrote for CSAA: attributing damage to non-covered cause of losses.[2] To this day, CSAA has not sent an adjuster to the Smith home. Both engineers that went to the Smith home refused to view the collapsed floor in the living room. Given the evidence, a jury could reasonably find that CSAA either recklessly disregarded its duty to deal fairly and in good faith with its insured, or intentionally and with malice breached its duty to deal fairly and in good faith with its insured. 23 O.S. §§ 9.1(B)(2) and (C)(2). "Where there is evidence that would 'support an inference of gross negligence or reckless disregard/indifference for the safety of others . . . the Trial Court [is] not free to refuse to

---

[2] CSAA hired Rimkus 27 times in the past 5 years, and none of the Rimkus reports conclude CSAA's insureds sustained structural damage caused by earthquakes.

submit and instruct on the issue of punitive damages.'" *Hightower v. Kansas City S. Ry. Co.*, 2003 OK 45, 70 P.3d 835, 850 fn. 28 (citing *Shuman v. Laverne Farmers Coop.*, 1991 OK CIV APP 2, 809 P.2d 76, 79).  Because there is evidence of malice or conduct equivalent thereto, the Smiths respectfully submits that the issue of CSAA liability for exemplary or punitive damages should be submitted to the jury.

**MANSELL ENGEL & COLE**

By: M. Adam Engel
Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
Kenneth G. Cole, OBA #11792
M. Adam Engel, OBA #32384
204 North Robinson Avenue, 21st Floor
Oklahoma City, OK 73102-7001
T: (405) 232-4100 ** F: (405) 232-4140
Firm E-mail:  aengel@meclaw.net

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2019, I electronically transmitted the attached document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Gerard F. Pignato (jerry@ryanwhaley.com)
R. Greg Andrews (greg@andrews.law)

**ATTORNEYS FOR DEFENDANT –
CSAA FIRE AND CASUALTY INSURANCE**

s/M. Adam Engel