# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SEAN SMITH and CRYSTAL SMITH,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>CSAA FIRE AND CASUALTY INSURANCE COMPANY and LISA HOLLIDAY,<br><br>　　　　Defendants. | Case No: 5:17-CV-01302-D |

## FINAL PRETRIAL REPORT

All counsel who will appear at trial:

Appearing for Plaintiffs:　　　Mark A. Engel, OBA #10796
　　　　　　　　　　　　　　Steve S. Mansell, OBA #10584
　　　　　　　　　　　　　　Kenneth G. Cole, OBA #11792
　　　　　　　　　　　　　　Adam Engel, OBA #32384
　　　　　　　　　　　　　　**MANSELL ENGEL & COLE**
　　　　　　　　　　　　　　201 North Robinson Ave., 21st Floor
　　　　　　　　　　　　　　Oklahoma City, OK 73102
　　　　　　　　　　　　　　T: (405) 232-4100 ** F: (405) 232-4140

Appearing for Defendant:　　Gerard F. Pignato, OBA # 11473
　　　　　　　　　　　　　　**RYAN, WHALEY, COLDIRON, JANTZEN,**
　　　　　　　　　　　　　　　**PETERS & WEBBER**
　　　　　　　　　　　　　　Robinson Renaissance Building
　　　　　　　　　　　　　　119 N. Robinson Avenue, 9th Floor
　　　　　　　　　　　　　　Oklahoma City, OK 73102
　　　　　　　　　　　　　　T: (405) 239-6040
　　　　　　　　　　　　　　jerry@ryanwhaley.com

　　　　　　　　　　　　　　R. Greg Andrews, OBA #19037
　　　　　　　　　　　　　　**ANDREWS LAW FIRM**
　　　　　　　　　　　　　　2516 Tee Drive
　　　　　　　　　　　　　　Norman, OK 73069
　　　　　　　　　　　　　　T: (405) 360-7001 **F: (405) 360-7002
　　　　　　　　　　　　　　greg@andrews.law

**Jury Trial Demanded ☑  -  Non-Jury Trial ☐**

1

1. **BRIEF PRELIMINARY STATEMENT**.  State <u>briefly</u> and in ordinary language the facts and positions of the parties (appropriate for use during jury selection in jury cases).

<u>Plaintiffs</u>:

Mr. and Mrs. Smith bring this case against their homeowners' insurance company, Defendant CSAA.  Mr. and Mrs. Smith purchased CSAA's full replacement cost homeowner's insurance policy and paid an additional premium for the addition of earthquake coverage to the policy.

In November of 2016, the City of Cushing was struck by a 5.0 earthquake.  The entire city lost power.  The Smith residence is directly above the epicenter of the 5.0 earthquake.  Mrs. Smith was in the living room of her home during the earthquake.  Mrs. Smith leapt to her feet and braced herself against the interior wall of her home.  She witnessed the wall moving and ceiling tiles falling and saw the uneven floor, and the front door would not open or close.  The Smith family did not initially make a claim because of their $1,000 deductible and fear that their insurance rates would increase.  Mr. Smith works in construction, and he believed that he could do the repairs himself.  Later, when the Smith's sons were rearranging their back bedroom, they found extensive cracking in the concrete slab floor.  After seeing this additional damage, the Smiths made a claim with CSAA specifying the earthquake damage to the living room and back bedroom in the home.  CSAA hires engineers to investigate all its earthquake claims.  Mr. and Mrs. Smith contend that CSAA utilizes Rimkus Engineering to get a predetermined report that always attributes earthquake damage to some other non-covered causes.  The Rimkus engineers who went to the Smith home never investigated the living room at all and concluded that no damage to the home could be attributed to the earthquake - not even the damage Mrs. Smith saw with her own eyes in the living room during the earthquake.  CSAA sent a denial letter and paid zero dollars to the Smith family.  To this day, neither any CSAA adjusters, nor claim supervisors, have been to the Smith home.  No one ever inspection and evaluated the living room prior to denial.  The living room was not mentioned in the engineer's report.  Mr. and Mrs. Smith home was insured for $121,421.  Mr. and Mrs. Smith ask for the policy benefits that should have been paid by CSAA for the earthquake damage to their home, for personal damages as a result of the denied claim, and for punitive damages to deter such denials by CSAA in the future.

<u>Defendant</u>:

On August 24, 2017, CSAA received its First Notice of Loss from Plaintiffs stating they may have damage to their residence from an earthquake.  Plaintiffs attributed the recently discovered damage in their residence to an earthquake that occurred nine months earlier, on November 7, 2016.  CSAA contacted the Plaintiffs and advised them that it would hire an engineer to conduct an inspection of their residence.  CSAA promptly set up

an inspection of Plaintiffs' residence through Rimkus Consulting Group, Inc. ("Rimkus"). Rimkus assigned the inspection of Plaintiffs' residence to Lisa M. Holliday, P.E., Ph.D. ("Holliday"), who is a senior consultant with Rimkus. Holliday inspected Plaintiffs' residence on September 1, 2017. She found no earthquake damage, only settlement and construction defects.

On September 18, 2107, Holliday completed her engineering report and forwarded it to CSAA. The report stated that the November 7, 2016 earthquake did not cause the structural damage to Plaintiffs' residence. The report further stated that the origin of the observed damages to the floor, ceiling tiles, and driveway slab was from differential foundation movement related to volumetric soil changes and poor construction techniques at the foundation. On September 19, 2017, CSAA called and spoke with Plaintiffs to discuss the loss and that the damages found were not related to earthquake damage. That same day, CSAA wrote a letter to Plaintiffs denying coverage and explaining that the damage was determined to be from settling and improper construction to the foundation.

CSAA promptly investigated Plaintiffs' claim and conducted a reasonably thorough investigation under the circumstances. Defendants also contend that Plaintiff failed to cooperate or otherwise comply with all conditions precedent to recovery under the subject insurance policy. Plaintiffs disagree with CSAA's evaluation and filed the present lawsuit, asserting claims against CSAA for breach of contract and bad faith. Defendant denies Plaintiffs' claims, and contends CSAA's handling of Plaintiffs' claim was at all times reasonable. Defendant also contends a legitimate dispute exists regarding the cause of loss, thus barring Plaintiffs' bad faith claim.

2. <u>JURISDICTION</u>. The basis on which the jurisdiction of the Court is invoked.

3. <u>STIPULATED FACTS</u>. List stipulations as to all facts that are not disputed or reasonably disputable, including jurisdictional facts.

|   |   |   |
|---|---|---|
| A. | Jurisdiction Admitted? | Yes. |
| B. | Venue Appropriate? | Yes. |
| C. | Facts? | At all times material hereto Plaintiffs, Sean and Crystal Smith, were insured under a CSAA Fire and Casualty Insurance Company, Policy No. HO3-003036315. |
| D. | Law? | None |

4. <u>LEGAL ISSUES</u>. State separately, and by party, each disputed legal issue and the

authority relied upon.

5. <u>CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT</u>.
    A.   <u>Plaintiffs</u>*

| Damages | Applicable Statutes, Ordinances and Common Law Relied Upon |
|---|---|
| Policy benefits and loss of policy benefits. | 23 O.S. §21 |
| All incidental and consequential damages, including damages for mental anguish, frustration and embarrassment to Plaintiff. | *Christian v. American Home Assurance Co.,* 577 P. 2d 899, 1977 OK 141, 23 O.S. §61 |
| Punitive damages. | 23 O.S. §9.1 |

* CSAA objects as Plaintiffs fail to set forth the nature of their contentions and claims.

   B.   <u>Defendant</u>

   1. CSAA has complied with its policy provisions with respect to its handling of Plaintiffs' claim.
   2. CSAA's investigation and evaluation of Plaintiffs' claim was reasonable, thus barring Plaintiffs' bad faith claim.
   3. A legitimate dispute exists regarding the cause of loss, thus barring Plaintiff's bad faith claim.
   4. Plaintiffs failed to cooperate or otherwise comply with all conditions precedent to recovery under the subject insurance policy.*
   5. Plaintiffs have failed to prove by way of admissible evidence the causation of their alleged injuries and damages.
   6. Plaintiffs have failed to mitigate their alleged injuries and damages.
   7. Plaintiffs have failed to produce objective evidence of any injury or damage.
   8. Plaintiffs have failed to prove by way of admissible evidence any injury or damage.
   9. Plaintiffs have failed to prove any injuries or damages allegedly suffered by them are the direct cause of any breach of duty of good faith and fair dealing on the part of CSAA.
   10. Plaintiffs have failed to demonstrate by way of admissible evidence how a more thorough investigation would have yielded a better result for them.
   11. Plaintiffs concealed pre-suit evidence from CSAA that was not discovered by CSAA until post-suit.*

4

           12. Plaintiffs' alleged injuries and damages to their premises are unrelated to the earthquake that occurred on November 7, 2016.

*Plaintiffs object that these defenses were not considered or asserted during the handling of the claim.

    - CSAA properly asserted these defenses in its Answer and has consistently raised them throughout this litigation.

6.      <u>EXHIBITS</u>.  The following exclusionary language **MUST** be included:
Unlisted exhibits will not be admitted unless, by order of the court, the final pretrial order is amended to include them.

    A.      <u>Plaintiffs</u>:
(Premarked for trial and exchanged as required under LCvR 39.4(a))

| No. | Title/Description | Obj. Y/N | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 1. | Certified copy of the policy issued to Plaintiffs by Defendant CSAA. | | |
| 2. | Defendant's Claim File, including CSAA_SMITH 001-202 | Yes | Rules 402 and 403 |
| 3. | Defendant's annual statements. | Yes | Rules 402, 403, 801 |
| 4. | Rimkus Engineering reports and financial information sought in Plaintiffs' Requests for Production Nos. 12 and 13, including CSAA_SMITH 202-1022, and Rimkus Payment Chart. | Yes | Rules 402, 403, 801. |
| 5. | All documents produced by Plaintiffs, including SMITH 001–266 | Yes | Rules 402, 403, 801 |
| 6.* | Documentation and information relating to Defendant's earthquake claims handling, training, and guidelines, its criterial for selecting engineers, and the applicability of the Unfair Claim Settlement Practices Act. [The parties have agreement for production pertaining to earthquake numbers.] | Yes | Vague. Not previously produced. 401, 403, 801, 802, 901; Not Exchanged pursuant to Local Rule 39.4(a). |
| 7. | Engineering reports by Lisa Holliday, Tim France, and other Rimkus engineers, and any supporting documentation, for those reports on other earthquake claims for Defendant or other insurance companies. | Yes | Vague. Not previously produced. 401, 403, 801, 802, 901; Not Exchanged pursuant to Local Rule 39.4(a). |
| 8. | Holliday/RCG 001-301 | Yes | Rules 402, 403, 801 |
| 9. | ZFI 1-105 | | |
| 10. | Miles 0001-0342 | | |
| 11. | Sean Wiley Rebuttal Expert Report; including Mr. Wiley's photographs. | Yes | Untimely listed as expert. |
| 12. | All documents in Sean Wiley's possession pertaining to Plaintiffs' residence | Yes | Vague. Not previously produced. 401, 403, 801, 802, 901; Not Exchanged pursuant to Local Rule 39.4(a). |

6

| | | | |
|---|---|---|---|
| 13. | All CVs and Reports of any expert witness identified by Defendants. | Yes | Rules 402, 403, 801; cumulative. |
| 14.** | All depositions and deposition exhibits, except otherwise objected to by Plaintiffs. The parties have a continuing list of deposition exhibits. | Yes | Rules 402, 403, 801; unspecified; and cumulative. |
| 15.* | All verified Interrogatory Answers by CSAA. Verified interrogatories regarding CSAA earthquake claims in Oklahoma as agreed by defense counsel. | Yes | Vague; overly broad; cumulative; non-specific; Rules 402, 403, 801 *et seq*. |
| 16. | Any and all exhibits necessary for rebuttal. | Yes | Vague; overly broad; non-specific; Rules 402 and 403. |
| 17. | All exhibits listed by Defendant not otherwise objected to by Plaintiffs | Yes | Not a recognized exhibit in federal court. |
| 18. | All demonstrative exhibits unless otherwise objected to by Plaintiffs. Specifically, enlarged exhibits that are listed above. | Yes | Reserved until seen; and not a proper trial exhibit. |

\* CSAA has agreed to produce earthquake numbers and Verified Interrogatories, but CSAA has not agreed that such information would be admissible at trial.
\*\* Although the parties utilized a continuing list of exhibits during depositions, CSAA did not agree that said exhibits would be admissible at trial.

    B.    <u>Defendant</u>:
(Premarked for trial and exchanged as required under LCvR 39.4(a))

| No. | Title/Description | Obj. Y/N | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 1. | Certified copy of the insurance policy and declaration issued to Plaintiffs by CSAA. | | |
| 2. | CSAA Claim Notes. | No | |
| 3. | August 29, 2017 Letter from CSAA to Plaintiffs. | No | |
| 4. | September 19, 2017 Letter from CSAA to Plaintiffs. | No | |
| 5. | Lisa Holliday Report of Findings with Attachments. | No | |
| 6. | Photographs taken by Lisa Holliday of Plaintiffs' home. | No | |
| 7. | Photographs and video taken by Steven Ford of Plaintiffs' home. | Yes | Objection to video: 401-403; not listed on Defendant's Final Exhibit List. Not exchanged or produced by Defendant. Defendant stipulated that this inspection exhibit would not be used at trial. |
| 8. | Photographs and video taken by David Battle of Plaintiffs' home. | Yes | Objection to video: 401-403; not listed on Defendant's Final Exhibit List. Not exchanged or produced by Defendant. Defendant stipulated that this inspection exhibit would not be used at trial. |
| 9. | Video of Steve Ford's inspection of Plaintiffs' home. | Yes | Objection to video: 401-403; not listed on Defendant's Final Exhibit List. Not exchanged or produced by Defendant. Defendant stipulated that this inspection exhibit would not be used at trial. |

| 10. | CVs and reports of the expert witnesses identified by CSAA on its Final Witness List. | No | |

7.     <u>WITNESSES</u>:  The following exclusionary language **MUST** be included:
Unlisted witnesses in chief will not be permitted to testify unless, by order of the court, the final pretrial order is amended to include them.

    A.    <u>Plaintiffs</u>:

| No. | Name and Address | Proposed Testimony |
|---|---|---|
| 1. | Sean Smith<br>c/o Mansell Engel & Cole<br>204 N. Robinson, 21st Floor<br>Oklahoma City, OK 73102 | Knowledge of facts relating to loss and damages, purchase of insurance policy, denial of claim and damages, work related to loss and damages, inspection of property, investigation and handling of claim, scope, amount and cause of damages, and insurance coverage. |
| 2. | Crystal Smith<br>c/o Mansell Engel & Cole<br>204 N. Robinson, 21st Floor<br>Oklahoma City, OK 73102 | Knowledge of facts relating to loss and damages, purchase of insurance policy, denial of claim and damages, work related to loss and damages, inspection of property, investigation and handling of claim, scope, amount and cause of damages, and insurance coverage. |
| 3. | Lisa Holliday<br>Rimkus Engineer<br>c/o Gerard Pignato<br>Ryan Whaley<br>Robinson Renaissance Bldg.<br>119 N. Robinson Ave, 9th Floor<br>Oklahoma City, OK 73102 | As per deposition – her inspection, estimate, photographs, and report of damage to Plaintiffs' home, knowledge of estimate, condition of the home, Rimkus' claim procedures and practices, her experience and knowledge regarding earthquakes, Oklahoma Insurance Commission publications, and engineering experience and qualifications. |
| 4. | Cindi L. Miles<br>Independent Property Adjuster<br>9101 College Avenue<br>Guthrie, OK 73044 | Defendant's expert to be deposed. Anticipated testimony regarding inspection of Plaintiffs' home, knowledge of earthquake damage, determination of damage to Plaintiffs' home, and cost of repairs. |
| 5. | Chad White Heckman<br>CSAA Fire and Casualty Insurance Co.<br>c/o Gerard Pignato<br>Ryan Whaley<br>Robinson Renaissance Bldg.<br>119 N. Robinson Ave, 9th Floor<br>Oklahoma City, OK 73102 | Knowledge of Defendant's claim policies, practices, guidelines, and procedures, handling and denial of Plaintiff's claim, the investigation of Plaintiffs' claim, his knowledge of Defendant's use of engineers to investigate earthquake claims, the investigation and determination made by Rimkus Engineering, and Plaintiffs' insurance coverage. |

| | | |
|---|---|---|
| 6. | David Battle<br>PreConstruction Services, Inc.<br>2512 W. Interstate 44 Service Rd.<br>Oklahoma City, OK 73112 | Defendant's expert witness. As per deposition–his report, estimate, photographs of damage to Plaintiffs' home, his communication with Stephen Ford regarding their respective reports, findings, revisions, and conclusions, and his expert experience and qualifications. |
| 7. | J. Stephen Ford, Ph.D., P.E.<br>ZFI Engineering Co.<br>8411 S. Walker Ave.<br>Oklahoma City, OK 73139 | Defendant's expert witness to be deposed. His report, inspection, estimate, and photographs of damage to Plaintiffs' home, the condition of the home, his communications with David Battle regarding their respective reports, findings, revisions, and conclusions, and his expert experience and qualifications. |
| 8.* | Barbara and John Fox<br>c/o Mansell Engel & Cole<br>204 N. Robinson, 21st Floor<br>Oklahoma City, OK 73102 | Knowledge of the use of Rimkus Engineering to deny their insurance claim. |
| 9.* | Donna Iser<br>c/o Mansell Engel & Cole<br>204 N. Robinson, 21st Floor<br>Oklahoma City, OK 73102 | Knowledge of the use of Rimkus Engineering to deny her insurance claim. |
| 10. | Sean Wiley<br>21312 State Highway 76<br>Blanchard, OK 73010 | Plaintiffs' expert rebuttal witness. Professional construction and restoration expert to testify regarding the expert report of David Battle on cost of repairs to Plaintiffs' home. |
| 11. | Alana Hare<br>CSAA Fire and Casualty Insurance Co.<br>c/o Gerard Pignato<br>Ryan Whaley<br>Robinson Renaissance Bldg.<br>119 N. Robinson Ave, 9th Floor<br>Oklahoma City, OK 73102 | Per Deposition: Corporate representative(s) to testify on subjects specified in Plaintiffs' Notice of 30(B)(6) Deposition [Doc. 39] including, but not limited to, Defendant's earthquake claim handling, training, and guidelines, the criteria for selecting engineers, and the applicability of unfair claims settlement practices act, Defendant's claim status and premiums collection in Oklahoma, and calculation of Defendant's net worth for the past three years. |

| 12. | Tim France<br>Rimkus Engineer<br>c/o Gerard Pignato<br>Ryan Whaley<br>Robinson Renaissance Bldg.<br>119 N. Robinson Ave, 9th Floor<br>Oklahoma City, OK 73102 | As per deposition – his inspection, estimate, photographs, and report of damage to Plaintiffs' home, knowledge of estimate, condition of the home, Rimkus' claim procedures and practices, his experience and knowledge regarding earthquakes, Oklahoma Insurance Commission publications, and engineering experience and qualifications. |
|---|---|---|

* CSAA objects to these witnesses based upon Rules 402 and 403.

    B.       Defendant:

| No. | Name and Address | Proposed Testimony |
|---|---|---|
| 1. | Lisa Holliday<br>Rimkus Engineer<br>c/o Matt Felty, Esquire<br>LYTLE SOULE & COURLEE, PC<br>Robinson Renaissance Building<br>119 North Robinson, Suite 1200<br>Oklahoma City, Oklahoma 73102 | Deposed. Causation. Her inspection, estimate, photographs, and report to CSAA, her experience and knowledge regarding earthquakes, and her communications with Plaintiffs. |
| 2. | Chad White Heckman<br>c/o Gerard Pignato<br>Ryan Whaley<br>Robinson Renaissance Bldg.<br>119 N. Robinson Ave, 9th Floor<br>Oklahoma City, OK 73102 | Deposed; handling and denial of Plaintiffs' claim, investigation of Plaintiffs' claim, insurance coverage issues. |
| 3. | Cindi Miles<br>9101 College Avenue<br>Guthrie, Oklahoma 73044 | To testify as a claim-handling expert. Will testify regarding CSAA's investigation and handling of Plaintiffs' claim, standards in the industry, and reasonableness of CSAA's investigation, handling, and denial of Plaintiffs' claim. |
| 4. | J. Stephen Ford, PhD., P.E.<br>ZFI Engineering Company<br>8411 South Walker Avenue<br>Oklahoma City, Oklahoma 73139 | Defendant's expert witness. Deposed. Causation, his report, inspection, estimate, and photographs of the condition of Plaintiffs' home. |
| 5. | David Battle<br>Pre-Construction Services, Inc.<br>2512 W. Interstate 44 Service Rd.<br>Oklahoma City, OK 73112 | Defendant's expert witness. Deposed. His report, inspection, estimate, and photographs of the condition of Plaintiffs' home. |
| 6. | Tim France<br>Rimkus Engineer<br>c/o Matt Felty, Esquire<br>LYTLE SOULE & COURLEE, PC<br>Robinson Renaissance Building<br>119 North Robinson, Suite 1200<br>Oklahoma City, Oklahoma 73102 | Deposed. Causation. His inspection, supervision and training of Lisa Holliday, report of inspection of Plaintiffs' home, engineering experience and qualifications. Communications with Plaintiffs. |

| 7. | Alana Hare<br>CSAA Rule 30(b)(6) witness<br>c/o Gerard Pignato<br>Ryan Whaley<br>Robinson Renaissance Bldg.<br>119 N. Robinson Ave, 9th Floor<br>Oklahoma City, OK 73102 | Deposed. Designated representative(s) of CSAA to testify on subjects of CSAA's handling of Plaintiffs' claim, investigation of Plaintiffs' claim, selection of engineer, and insurance coverage issues. |
| --- | --- | --- |
| 8. | Crystal Smith, Plaintiff<br>c/o Mansell Engel & Cole<br>204 N. Robinson, 21st Floor<br>Oklahoma City, OK 73102 | Deposed. Facts relating to the damage to Plaintiffs' property; purchase of insurance; inspections of property; repairs; scope of repairs; cost of repairs; and all relevant issues relating to Plaintiffs' claim. |
| 9. | Sean Smith, Plaintiff<br>c/o Mansell Engel & Cole<br>204 N. Robinson, 21st Floor<br>Oklahoma City, OK 73102 | Deposed. Facts relating to the damage to Plaintiffs' property; purchase of insurance; inspections of property; repairs; scope of repairs; cost of repairs; and all relevant issues relating to Plaintiffs' claim. |

8. **ESTIMATED TRIAL TIME:**

   A. Plaintiff's Case: <u>3 days</u>

   B. Defendant's Case: <u>1-2 days</u>

9. **BIFURCATION REQUESTED:**        Yes _____        No __√____

10. **POSSIBILITY OF SETTLEMENT:**

    Good _____        Fair _____√_____        Poor _____

All parties approve this report and understand and agree that this report supersedes all pleadings, shall govern the conduct of the trial, and shall not be amended except by order of the Court.

        _s/M. Adam Engel_____
        Counsel for Plaintiff


        s/R. Greg Andrews_____
        Counsel for Defendant