# Cindi L Miles

9101 W College Ave.
Guthrie, OK 73044
405-613-7728
Email: rollingm.cm@gmail.com



August 21, 2018

Mr. Gerard Pignato
Pignato, Cooper, Kolker, & Roberson
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102

Re: SEAN SMITH AND CRYSTAL SMITH, PLAINTIFFS VS. CSAA FIRE AND CASUALTY INSURANCE COMPANY AND LISA HOLLIDAY, DEFENDANTS
United States District Court, Western District of Oklahoma

CASE NO: 17-1302-D

Dear Mr. Gerard Pignato,

This report details to date the pertinent observations, opinions and conclusions based on my review of the documentation provided and reviewed by me. It is my understanding that depositions are currently pending. Therefore, I reserve the right to supplement this report if future items reviewed alter my opinions or conclusions. A complete list of the documents reviewed at this time has been added to this report.

In forming my opinions and conclusions I am relying on my 29+ years experience in insurance claims handling as well as the formal and informal training received during that entire time.



PLAINTIFF'S EXHIBIT 3

## COMPENSATION STRUCTURE AND EXPERT TESTIMONY HISTORY

My Expert services and review, study, estimation and written opinions shall be billed at a rate of $200.00/ hour.

I have not testified or been deposed as an expert witness in the last 5 years.

## DOCUMENTS REVIEWED

- Petition: Sean SMITH AND CRYSTAL SMITH, PLAINTIFFS VS. CSAA FIRE AND CASUALTY INSURANCE COMPANY AND LISA HOLLIDAY, DEFENDANTS, CASE NO. CJ-2017-501
- Claim File: Policy: HO33036315, Insured: Sean Smith, Claim No.: 1002-25-9499
- The Homeowners Policy Declarations: Named insured: Sean Smith and Crystal Smith. Policy Period: 2/17/16 to 2/17/17, Policy #HO3-003036315
- The Structural Evaluation by Lisa Holliday, for Rimkus Engineering: Claim No: 1002259499. RCG File No: 22804649
- A Certified copy of the Insured Homeowners policy and Earthquake Endorsement
- Lisa Holliday Deposition: to include the attached exhibits
- Answers to discovery for Crystal Smith and Sean Smith

## QUALIFICATIONS

I have been an Insurance Claims professional for the last 29+ years, with my field of expertise centered on Management of Property claims handling for the last 22 years. The initial 25 years I was employed by Shelter Insurance, spending the last 12+ years as a Property Specialist working with our claims branches and catastrophe team on all Property processes, policies and claims handling procedures.   This included the training and education of adjusters and Property Supervisors. I developed many curriculums for this employer, regarding claims handling as well as specifically on Earthquake adjusting practices.

Since my retirement from Shelter Insurance, over the last four (4) years I have been an Independent Adjusting reviewer for Catastrophe claims in areas on the East Coast and throughout the Midwest.

Since 2014 I have been an adjunct instructor at Francis Tuttle Vo-Technology Center in the Adult and Career Development Center, specifically providing training in the Insurance Continuing Education field. My current classes relate to Insurance Fraud Investigation and Oklahoma Earthquake Continuing Education for Oklahoma agents and adjusters.

I continue to maintain my Oklahoma Adjuster License and have completed many Continuing Education (CE) classes related to include but not limited to California Earthquake CE and Oklahoma Earthquake CE along with many other Continuing Education courses.

## CLAIM FILE BACKGROUND

In review of this file, the claims notations were reviewed as well as the timeline in the handling of this claim. The First Notice of Loss was 8/24/17, and the insured was contacted the same day by the company adjuster. A senior adjuster was reassigned the claim on 8/28/17 and that second adjuster, contacted the insured to advise of the new contact information for her and the assignment by CSAA to the Rimkus Engineering firm to inspect the insureds property.

The CSAA adjuster immediately advised the insured that CSAA was engaging the services of an engineering firm to evaluate the insureds claims of damage from a 5.0 Earthquake on 11/7/16.

Inspection of the property by the engineer, Lisa Holliday, was made on Sept. 1, 2017. The adjuster followed up with the insured on 9/5/18 and 9/14/18 stating that CSAA was awaiting the written report from Rimkus. Additional contacts were made with Lisa Holliday during that time requesting the status of the report. The Rimkus report was received by CSAA on 9/18/18 and the insured was contacted by the adjuster on 9/19/18 advising of the Engineer findings and the denial of the claim based on those findings. The CSAA adjuster followed up with the denial letter to the insured on the same day.

The Claim file also included the engineer report for the Smith home, authored by Lisa Holliday. This report was detailed in its approach to addressing the concerns of the

homeowner and her findings were well documented. The report speaks to her inspection of the property for earthquake related damage, and documents in words and photos her findings. I found this report thorough and easy to understand the science behind her findings.

The claim file included a certified copy of the insured's HO-3 policy along with the Earthquake Endorsement purchased by the insured. These documents were reviewed for information about the coverage and exclusions in both documents. I found the policy and endorsement to be a very standard format used industry wide.

## OPINIONS

The timeline in the handling of this claim is appropriate in my opinion as the total time elapsed from the First Notice of Loss through the conclusion with the denial letter was a total of 26 days. During that time, the contact with the insured was timely and informative of the claim status.

This referral to an Engineering firm is appropriate and timely as it is a common practice in the insurance industry to enlist the services of a Structural Engineer on homes claiming earthquake damage. Many insurance companies have ongoing relationships with multiple Engineering firms at any given time. In my own training of adjusters and management staff I have suggested that local claims office develop a list of engineers/vendors to call upon when a certain expertise is needed, so that the claim can receive quicker service and therefore a timelier investigation takes place. It is my understanding that CSAA has such a list and rotates through the list of Engineers when they have an assignment. I cover the need for Engineers in my Earthquake class, as it is a normal part of handling potential structural damage issues.

I have worked with many Engineering firms throughout the country and I have worked with Rimkus as well. Rimkus has a very good reputation for good service and clear reports detailing their inspections and findings, for all types of claims.

The Rimkus Engineer Report for this residence includes Soil reports, identifies Magnitude (energy released) of the earthquake as well as the Mercalli Intensity documentation to

explain her findings. This engineer, Ms. Holliday is particularly qualified in assessing earthquake damage as she has more actual earthquake experience than the average structural engineer in the state of Oklahoma.

The denial relied on the information outlined in the Engineer report, regarding the settlement of the structure as well as improper workmanship, in addition to potential maintenance issues. The following Exclusion from the insured's HO3 policy as well as the Earthquake Endorsement were used in the denial, and they are copied directly from the policy language which is a customary insurance practice.

In the HO-3 policy, Under the Exclusions listed the following was used:

**SECTION I - PERILS INSURED AGAINST**
**A. Coverage A - Dwelling And Coverage B - Other Structures**
**1.** We insure against risk of direct physical loss to property described in Coverages **A** and **B**.
**2.** We do not insure, however, for loss:
**a.** Excluded under Section **I** - Exclusions;
**c.** Caused by:

...
**(6)** Any of the following:
**(a)** Wear and tear, marring, deterioration;
...***
**(f)** Settling, shrinking, bulging or expansion, including resultant cracking, of bulkheads, pavements, patios, footings, foundations, walls, floors, roofs or ceilings

**B.** We do not insure for loss to property described in Coverages **A** and **B** caused by any of the following. However,
any ensuing loss to property described in Coverages **A** and **B** not precluded by any other provision in this policy
is covered.
**3.** Faulty, inadequate or defective:
**a.** Planning, zoning, development, surveying, siting;
**b.** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
**c.** Materials used in repair, construction, renovation or remodeling; or
of part or all of any property whether on or off the "residence premises

The Earthquake Schedule outlines the following:

**A. Coverage**
**1.** We insure for direct physical loss to property **
covered under Section **I** caused by earthquake,
including land shock waves or tremors before,
during or after a volcanic eruption.
One or more earthquake shocks that occur
within a seventy-two hour period constitute a
single earthquake.

**2.** This coverage does not increase the limits of liability.

**D. Exception To The Earth Movement Exclusion \*\*\***
The Section I – Earth Movement Exclusion does not apply to loss caused by earthquake, including land shock waves or tremors before, during or after a volcanic eruption.
All other provisions of this policy apply.

\*\* For coverage to exist the damage must be caused by "direct physical Loss to the property... caused by an earthquake.

\*\*\* The Earthquake Endorsement changes/ removes the wording in the Earthquake Exclusion from the policy language, however the endorsement clearly states that all other provisions of this policy apply.

On another note, I was asked to address the request by the Smiths for the engineer report, I did not find anything in the claim file or the engineer report that speak to a request having been made by the insured or that the request was denied. A vendor like an Engineering firm typically supply a report only to the company/entity that employed their services.

## CONCLUSIONS

Based on my review of the materials previously outlined, it is my opinion at this time that the timely handling of the claim is appropriate for this type of claim. The Engineer report specifically mentions causes of damage that are excluded in the policy language. An inspection of the property, the accompanying reports, and photos, along with intensity and magnitude information about the 11/7/16 earthquake, are strong evidence that support the Engineer's opinion.

The Policy and Endorsement speak to the "direct physical loss…. Caused by Earthquake "as well as the fact that "all other policy provisions apply", therefore the damage found by the engineer does not meet the definition of being caused by an Earthquake, and there are exclusions in the policy that relate to cause of the damage that were found by the engineer.

In my opinion it is appropriate for CSAA to rely on this engineer report for its denial of the Smiths claim based on the policy exclusions.

As state previously, it is my understanding that I may be asked to review additional information pertinent to this case and reserve the right to modify my report if the additional information warrants any changes in my observations, opinions or conclusion.

Sincerely,

*Cindi L. Miles*

Cindi L Miles